*E. W. Maynard, R. L. Maynard,* for plaintiffs.
*Hollis Fort, Dykes & Dykes,* for defendant.

22779. SALEENS *v.* TRAVELERS INSURANCE COMPANY *et al.*

STEPHENS, J. 1. Where a person was employed to go out in a boat into navigable waters and operate it and catch fish for his employer, and while in a navigable stream, after getting the boat back into it after it had become stuck in the mud, he was injured by his coat being caught in the windlass and his arm pulled into the machine, the injury was in the exclusive admiralty and maritime jurisdiction, and was therefore not compensable under the Georgia workmen's compensation act. *Maryland Casualty Co.* v. *Grant,* 169 *Ga.* 325 (150 S. E. 424); Nogueira *v.* New York &c. Railroad Co., 281 U. S. 128 (50 Sup. Ct. 303): Baizley Iron Works *v.* Span, 281 U. S. 222 (50 S. E. 306); Employers' Liability Assurance Cor. *v.* Cook, 281 U. S. 233 (50 Sup. Ct. 308). Anything in *Travelers Insurance Co.* v. *Bacon,* 30 *Ga. App.* 728 (119 S. E. 458), to the contrary is superseded by subsequent decisions of the Supreme Court of Georgia and the Supreme Court of the United States, supra.
2. The superior court properly affirmed the judgment of the department of industrial relations, denying compensation.
*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 21, 1933. REHEARING DENIED SEPTEMBER 30, 1933.

*Henry O. Farr, Colon J. Cogdell,* for plaintiff.
*McDaniel, Neely & Marshall, Harry L. Greene,* for defendant.