95 So.2d 830 (1957)
Lincoln RICHARD, Plaintiff-Appellant,
v.
LAKE CHARLES STEVEDORES, Inc., et al., Defendants-Appellees.
No. 4434.
Court of Appeal of Louisiana, First Circuit.
June 4, 1957.
Writ of Certiorari Denied October 8, 1957.
Bass & Nichols, Lake Charles, for appellant.
Lawes, Cavanaugh, Hickman & Brame, Lake Charles, for appellees.
TATE, Judge.
This suit for workmen's compensation was dismissed upon an exception of no cause of action.[1] Defendants are the injured workingman's employer and its compensation insurer.
The allegations of the petition show that plaintiff was injured in the course of his employment as a "longshoreman", "while working in the hold of the vessel, S. S. Seagate, which was moored to the dock in the Lake Charles harbor."
Upon these allegations that the plaintiff was a longshoreman injured while working upon the navigable waters of the United States, the District Court dismissed plaintiff's suit upon the ground that the federal government, with exclusive constitutional jurisdiction over maritime law and maritime injuries, has provided the exclusive remedy for longshoremen by the federal "Longshoremen's and Harbor Workers' Compensation Act", 33 U.S.C.A. § 901 et seq., especially 33 U.S.C.A. § 905. See jurisprudence following Southern Pacific Co. v. Jensen, 1917, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, such as Rhinehart v. T. Smith & Son, La.App.Orleans, 14 So.2d 287.
Conceding that at one time these authorities would have governed in the present situation, plaintiff-appellant earnestly urges that by Davis v. Department of Labor, 1942, 317 U.S. 249, 63 S.Ct. 225, *831 87 L.Ed. 246, and the succeeding jurisprudence, the United States Supreme Court has decisively re-established the rule that employees injured in connection with maritime work are not barred by the federal Constitution from remedies provided for them by the State legislatures, in the absence of material prejudice to any feature of the general admiralty law.
In the absence of such prejudice, this Court recently sustained a widow's action under the Louisiana workmen's compensation statute for the death of her husband, a seaman. Beadle v. Massachusetts Bonding & Ins. Co., La.App., 87 So.2d 339.
In the course of that opinion, we had occasion to discuss fairly extensively the course of the jurisprudence since the ill-starred Jensen doctrine.[2] It was our conclusion that, allowing for the presumption of constitutionality attaching to enactments of State legislatures, the federal maritime and the State compensation remedies "may overlap; and when they do, as in the present instance, the employee's choice of either will be upheld," 87 So.2d 343.
We have been reenforced in our belief that these conclusions are correct by the scholarly and comprehensive summary of the jurisprudence found in the authoritative treatise by Dean Larson, Workmen's Compensation Law, Sections 89.10 through 89.60, Volume 2, pp. 408-420 (hereinafter cited as Larson). Dean Larson summarizes the present status of the law as having evolved after passing through five phases:
First, unqualified federal pre-eminence and pre-emption, as initiated and exemplified by the Jensen decision;
Second, an exception permitting State remedies for injuries arising in maritime employments primarily local in character, as exemplified by Grant Smith-Porter Ship Co. v. Rhode, 1922, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321, 25 A.L.R. 1008;
Third, the Longshoremen's Act phase, during which longshoremen and other harbor workers injured on navigable waters were relegated to the Longshoremen's Act, although if injured on land or by a blow from the land they were permitted to retain their State compensation remedy, as exemplified by a case arising in Louisiana and permitting the State remedy, T. Smith & Son, Inc. v. Taylor, 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520;
Fourth, the "twilight zone" phase initiated by the Davis case, where the employee's choice of either State or federal remedy would be sustained in borderline cases; and,
Fifth, the present stage of concurrent jurisdiction exercised by both State and federal tribunals, each jurisdiction deciding for itself whether it shall apply its own law, such determination being relatively final.
As did this court in its Beadle decision, Dean Larson's conclusion that there is concurrent jurisdiction for both State and federal remedies was reached on the basis of the United States Supreme Court's rulings in Bethelehem Steel Co. v. Moore, 1948, 335 U.S. 874, 69 S.Ct. 239, 93 L.Ed. 417 (affirming 323 Mass. 462, 80 N.E.2d 478) and Baskin v. Industrial Acc. Comm., 1949, 338 U.S. 854, 70 S.Ct. 99, 94 L.Ed. 523 (reversing 89 Cal.App.2d 632, 201 P.2d 549).
Both the Moore and Baskin cases involved workers hurt while on board and repairing a completed vessel on navigable waters; it having formerly been firmly decided that such injuries were exclusively *832 within the federal maritime jurisdiction, and were beyond the protection of the State compensation remedy, John Baizley Iron Works v. Span, 281 U.S. 222, 50 S. Ct. 306, 74 L.Ed. 819; Robins Dry Dock & Repair Co. v. Dahl, 266 U.S. 449, 45 S.Ct. 157, 69 L.Ed. 372, see Messel v. Foundation Co., 274 U.S. 427, 47 S.Ct. 695, 71 L.Ed. 1135no less firmly than the similar decisions relating to other harbor workers in the category of "longshoremen" such as the present plaintiff. (See 2 Larson 415.)
Nevertheless, the Supreme Court affirmed the State court's award of State compensation in the Moore case; and reversed the California commission's denial of State compensation in the Baskin case to such an employee, which had been based upon the alleged exclusiveness of the federal remedy provided by the Longshoremen's Act.[3]
We think the rulings in those cases to be determinative in the present. Louisiana has endeavored to extend the protection of her compensation act to longshoremen such as plaintiff by providing as among the occupations specifically covered by the act, the "loading or unloading of cargoes of vessels," LSA-R.S. 23:1035. This solemn enactment of our legislature is presumed to be constitutional. Under the Davis, Moore, and Baskin cases, the election of this workingman injured in Louisiana to apply in the courts of Louisiana for a remedy provided for him by the legislature of Louisiana cannot be rejected, unless it should work material prejudice to the general maritime law.
And how can the sustaining of plaintiff's election work material prejudice or disrupt the uniformity of the general maritime law?
Had this same longshoreman plaintiff been injured in the same manner, in the course of his employment with the same employer, having reported for work the same day, his employer subjected to the same risks and paying the same insurance premiums, plaintiff would undoubtedly have been entitled to recovery under the Louisiana compensation law, even before the Davis case, had he been injured on land or on the gangplank a few feet distant from the present accident aboard ship, as specifically held in a case arising in Louisiana, T. Smith & Sons, Inc. v. Taylor, 1930, 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520.
That the amount of compensation subsistence payable might vary somewhat from State to State affords no more reason for declaring these variations so disruptive of the necessary uniformity of the federal maritime law as to be unconstitutional than does the fact that the daily rate of "maintenance" payable to injured seamen varies greatly (i. e., from $2.50 to $8 per day) from port to port and jurisdiction to jurisdiction in the various States of the federal union (see 2 Norris, Law of Seamen 235-237, Section 603 "Amount" of maintenance and cure), or that some harbor workers in the Davis, Moore, and Baskin situations will recover under the federal remedy and others by application to the States.
Almost all the cases cited to us by defendant-appellee concern cases decided in the various phases of the jurisprudence preceding the present, which is that governed by the Davis, Moore, and Baskin decisions. But able counsel relies with some confidence on some dicta in Pennsylvania R. Co. v. O'Rourke, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367, which dicta is indeed somewhat favorable to its position. However, the court therein was addressing itself exclusively to the question of whether *833 an injured brakeman's remedy was under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., or whether it was under the federal Longshoremen's Act, since O'Rourke, a railroad employee, had been injured while aboard a car float. The U. S. Supreme Court, over the dissent of four members, decided that of the two federal remedies, the Longshoremen's Act provided the remedy.
But the O'Rourke case constituted simply an exercise in statutory construction to determine which of two federal remedies applied in the federal forum. For instance, had the employee in the Davis case brought suit in the federal forum seeking a federal remedy, he would have been similarly relegated to the Longshoremen's Act, as a structural steel worker killed on a barge in the navigable waters.
The court in O'Rourke was not concerned with the constitutionality of an attempted exercise of its powers by a State to afford a remedy to working people injured in connection with amphibious-land employments. Under the Davis, Moore, and Baskin cases, O'Rourke's choice of a State compensation remedy would apparently have been sustained as against a contention that the federal Longshoremen's Act provided the exclusive remedy, despite the fact that he like those plaintiffs (and also the present plaintiff) was a harbor worker injured on the navigable waters of the United States.
Lastly, defendant-appellee argues that Congress, by enacting the Longshoremen's and Harbor Workers' Act pursuant to its constitutional power over commerce, has preempted this field to the exclusion of the States. But Congress in enacting the statute specifically provided that compensation should be payable under that Act only "if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law", 33 U.S.C.A. § 903.
Admitting that at the time of enactment of the Longshoremen's Act, the judicial creation of the Jensen doctrine had created a bar to the remedy Louisiana attempted to provide, and which Congress was willing to afford Louisiana workers in their own courts, it is plain that under the Davis, Moore, and Baskin cases such artificial barrier no longer exists when the employee has elected to pursue his State compensation remedy instead of a federal maritime remedy.
We think very appropriate Dean Larson's concluding remarks in his summary of the present jurisprudence, found at 2 Larson 419:
"While the Supreme Court's handling of this problem has been criticized as confusing and contradictory, the working rule that emerges is perhaps as practical as any rule could be that attempts to sort out the intricately intertwined activities of amphibious workers with a minimum of litigation. After all, a slight error in respect to the extent of maritime power in a particular case will neither ruin an employer nor shatter the federal constitution if it merely gives the employee the benefit of the act which happens to be the more favorable to him. The Supreme Court's lack of enthusiasm for investigating the constitutional minutiae of each attempt to classify a borderline water front worker no doubt stems partly from a general feeling that all the trouble is traceable to the artificial doctrine of the Jensen case, without which all this would have been avoided. If amphibious workers had simply remained under their respective state acts, just like their neighbors who work exclusively on shore, no one could have dreamed of suggesting that the result would be unfair to employer or employee, or inconsistent with the spirit and objectives of compensation legislation. If, then, approximately the same result comes about as a consequence of the Davis, Moore, and Baskin cases, while it may occasion *834 concern to students of constitutional law, there is no cause for consternation in compensation circles."
For the above and foregoing reasons, the judgment of the District Court dismissing this compensation suit is reversed, and the matter is remanded for further proceedings according to law.
Reversed and remanded.
NOTES
[1] Although denoted as an exception of no right and no cause of action.
[2] The Jensen decision was criticized by virtually all commentators and many subsequent decisions. See both the concurring opinion of Mr. Justice Frankfurter, and the dissenting opinion of Chief Justice Stone in Davis case; 2 Larson, Workmen's Compensation Law 409-410; summary of criticisms in Swan v. Baton-Rouge Transportation Co., La. App., 197 So. 191, particularly at page 193, wherein this court reluctantly followed the case, referring to the "harsh and unsatisfactory results caused by the decision in the Jensen case", 197 So. 194.
[3] In a subsequent Baskin case, the Supreme Court specifically affirmed the award of State compensation despite the attempted defense that the employee's acceptance of payments under the Longshoremen's Act (without an award) had amounted to an election to come under the federal, rather than State, remedy, Kaiser Co., Inc., v. Baskin, 340 U.S. 886, 71 S.Ct. 208, 95 L.Ed. 643, affirming Baskin v. Industrial Acc. Comm., 89 Cal. App.2d 632, 201 P.2d 549.