**Mrs. Gladys NOAH, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

**No. 17282.**

United States Court of Appeals
Fifth Circuit.

March 10, 1959.

548

Leo L. Dubourg, New Orleans, La., for appellant.

Patrick W. Browne, Jr., A. J. Waechter, Jr., New Orleans, La., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

The question before us is whether a longshoreman injured on navigable waters, or his dependent, may sue under the Louisiana Workmen's Compensation Act, LSA-R.S. of 1950, 23:1021 et seq. The district court held that the federal Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., applied and dismissed the suit. A

majority of the Court (Chief Judge Hutcheson and Judge Cameron) is for reversal.

Melvin Noah, a longshoreman, was loading pig iron on a ship docked in the Mississippi River at New Orleans. A barge was moored between the ship and the wharf. Noah fell from the barge and was drowned. There is no doubt that he was acting in the course of his employment or that he was a longshoreman. Noah's mother, partially dependent on her son for support, brought suit in the Civil District Court for the Parish of Orleans under the state Workmen's Compensation Act.[1] The appellee removed the case to the federal district court.

A majority of this Court is of the opinion that in view of the light Hahn v. Ross Island, 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292 casts on Davis v. Department of Labor, 1942, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, Noah was a waterfront worker in the twilight zone. The plaintiff therefore may elect to bring suit under the state compensation law or the federal Longshoremen's and Harbor Workers' Compensation Act. Accordingly, the judgment below is reversed and the case remanded for trial.

HUTCHESON, Chief Judge (specially concurring).

In the DeBardeleben case [DeBardeleben Coal Corp. v. Henderson], 5 Cir., 142 F.2d 481, this court, with the writer as its organ, went all the way in giving expression to the view implicit, if not expressed, in the opinion that the Davis case, Davis v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, was, as was held in the five to four decision in Pennsylvania R. Co. v. O'Rourke, 344

1. The plaintiff relies on Davis v. Department of Labor, 1942, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, Richard v. Lake Charles Stevedores Inc., La.App., 1957, 95 So.2d 830, certiorari denied 355 U.S. 952, 78 S.Ct. 535, 2 L.Ed.2d 529, and Sullivan v. Travelers Ins. Co., La.App., 1957, 95 So.2d 834. In the recent case of Flowers v. Travelers Ins. Co., 5 Cir., 1958, 258 F.2d 220, this Court reviewed the authorities, including the two Louisiana cases, and held that the Longshoremen's and Harbor Workers' Act provided the exclusive remedy for workmen's compensation when a ship repairman (welder) sustained an accidental injury while working on an ocean-going tanker in a floating dry-dock in Galveston harbor. The Flowers case was decided before the Supreme Court handed down its decision in Hahn v. Ross Island, 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292.

U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367, one of special circumstances and, therefore, of little weight as an authority, and it might be expected that, like Ephraim joined to his idols, I would steadfastly adhere to the views therein expressed.

Of the view, however, that in and by the decision and opinion of the Supreme Court in Hahn v. Ross Island Sand & Gravel Co., 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292, (1-12-59), the Davis case, supra, the stone which some of the builders refused as a stone of stumbling, a rock of offense, is become the head of the corner, I am come to the mourner's bench, there to abjure my former heresy and to confess the error of my way. For a rereading and reconsideration of the opinion in Parker v. Motor Boat Sales, 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184, and Davis v. Department of Labor, supra, in the light of the Hahn decision, convinces me that this court in the De-Bardeleben case, supra, in Flowers v. Travelers Ins. Co., 5 Cir., 258 F.2d 220, and my brother in his dissenting opinion in this case, has failed to accord to the Davis and Parker cases, their true scope and meaning. This, as it now appears to me in the light of the Hahn case, supra, and the many state court decisions [1] giving effect to the "saving to suitors" provision, the Sec. 3(a) Proviso to the Longshoremen's and Harbor Workers' Act, is that, instead of those cases having been written to perpetuate what I have always regarded as the clearly erroneous teachings of the Jensen case [Southern Pac. Co. v. Jensen], 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, they were written for an exactly contrary purpose. This was to dispel the mists of pseudo-constitutionalism with which that case had enshrouded the law, to make way under the principle of election for the concurrent operation of state and federal law in a field from which confusion and uncertainty as to workers' remedy should be entirely banished.

In Parker v. Motor Boat Sales, supra, a suit under the Longshoremen's and Harbor Workers' Act, 314 U.S. at page 248, 62 S.Ct. at page 224, 86 L.Ed. 184, the court, stating, "What we are called upon to decide is not of constitutional magnitude", then goes on to say:

"There can be no doubt that the purpose of the Act was to provide for federal compensation in the area which the specific decisions referred to placed beyond the reach of the states. The proviso permitting recovery only where compensation 'may not validly be provided by State law' cannot be read in a manner that would defeat this purpose."

The following quotations from the Davis case, where the proceeding had been brought under the Washington State Compensation Act, put the issue in clearer and sharper focus [317 U.S. 249, 63 S.Ct. 227]:

"This Court has been unable to give any guiding, definite rule to determine the extent of state power in advance of litigation, and has held that the margins of state authority must 'be determined in view of surrounding circumstances as cases arise.' Baizley Iron Works v. Span, 281 U.S. 222, 230, 50 S.Ct. 306, 307, 74 L.Ed. 819. * * *

"We are not asked here to review and reconsider the constitutional implications of the Jensen line of decisions. * * * Since 1917, Congress and the states have sought to restore order out of the confusion which resulted from the Jensen decision. That success has not finally been achieved is illustrated by the present case. The Longshoremen's Act passed with specific reference to the Jensen rule, provided a partial solution. The Washington statute represents a state effort to clarify the situation. * * *

---

1. Richard v. Lake Charles Stevedores, La. App., 95 So.2d 830, and the other state cases blithely rejected out of hand in the

Flowers case as in violation of the Jensen rule.

"* * * We find here a state statute which purports to cover these persons, and which indeed does cover them if the doubtful and difficult factual questions to which we have referred are decided on the side of the constitutional power of the state. * * * In making the factual judgment there, we have relied heavily on the presumption of constitutionality in favor of the state statute. * * *

"Giving the full weight to the presumption, and resolving all doubts in favor of the Act, we hold that the Constitution is no obstacle to the petitioner's recovery. * * *"

And now the Hahn case, making it clear that the Davis case is indeed "a stone, a hard stone, a precious corner stone", Isaiah 28:16, has settled it that the jurisdiction in cases of this kind is not exclusive but concurrent, the injured person having an election to claim either.

Recanting my former errors, therefore, and rejoicing in the light from which my dissenting brother turns steadfastly away, I firmly but respectfully reject the view on which his dissent rests, that the decision of this case and cases like it turn on some imaginary twilight zone rather than, as I think they do, on the principle that the Longshoremen's and Harbor Workers' Act was not intended to provide an exclusive but a concurrent remedy with the election in the worker.

CAMERON, Circuit Judge (specially concurring).

The opinion written by the district judge, the majority opinion of Judge WISDOM and his dissent, and the special concurrence of Chief Judge HUTCHESON comprise a lucid exposition of all the law and the arguments on both sides of of the much mooted question presented here. To them I would add only one thought.

The statute under consideration[1] is not confusing. If we look to its words alone and not to the plethora of writings of the courts about them, no doubt, it seems to me, can be entertained that Mrs. Noah may maintain her action under Louisiana's laws. While Congress, in passing the quoted Act, was exercising a limited and delegated jurisdiction, the State of Louisiana proceeded under no such impediment. It had the right to extend the protection of its laws to the dead man, and nobody questions that it had done so. Since Congress expressly left out of the reach of the Longshoremen's and Harbor Workers' Compensation Act all injuries and deaths which the states had the power to compensate, my only wonder is how the argument on so simple a question ever began.

WISDOM, Circuit Judge (dissenting).

I respectfully dissent.

With all due deference, I suggest that my distinguished brothers are rearing too grand an edifice from the few shards they found in their interlinear excavations in Hahn v. Ross Island Sand & Gravel,[1] Davis v. Department of Labor,[2] and Parker v. Motor Boat Sales.[3]

Davis was a structural steel worker. He was injured while dismantling a bridge. Hahn was an "oiler" employed on a dredge anchored to the shore. The dredge was used to scoop out sand and gravel from the bottom of a lagoon.

1. 33 U.S.C.A. § 903:
   "Coverage—(a) Compensation shall be payable under this chapter * * * only if the disability or death results from an injury occurring upon the navigable waters of the United States * * * and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law."

1. Hahn v. Ross Island Sand & Gravel, 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d

292. The facts are stated in Hahn v. Ross Island Sand and Gravel Co., Or., 320 P.2d 668.

2. Davis v. Department of Labor, 1942, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246.

3. Parker v. Motor Boat Sales Co., 1941, 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184. In that case a salesman for a company selling motorboats and outboard motors was drowned while demonstrating an outboard motor to a prospective customer.

Hahn was injured when he fell from a ladder attached to a hopper that was being transferred from one barge to another barge. I accept the assumption that the practicalities of certain situations may justify the illogic of twilight zones; at least to the extent I am forced to do so by the Supreme Court. Accepting such an assumption, I have no difficulty in recognizing that Davis and Hahn may be said to be in the twilight zone.

But not every amphibious worker is in the twilight zone. Nor has the Supreme Court said so in the Davis and Hahn decisions.[4] There are still cases where a harbor worker is injured on navigable waters in employment that is maritime in nature; cases, therefore, when "recovery for the disability or death through workmen's compensation proceedings may not validly be provided by state law".[5] Longshoring is traditionally maritime work—not twilight zone work. Noah was a longshoreman injured on navigable waters. Jensen was a longshoreman injured on navigable waters.[6]

I cannot read the Jensen case except as holding that state compensation laws cannot validly apply to longshoremen injured on water within admiralty jurisdiction. Like my brothers, I think that the decision is wrong. It seems to me that there is a sufficient tie between a state and its waterfront workers to say that the application of state compensation laws to longshoremen will not imperil the federal constitution and will not make enough of a dent in general maritime law to disrupt its prize symmetry and uniformity. But the Jensen case has never been overruled and it was quoted with approval in the Hahn case.

I respectfully submit that the majority opinion and the concurring opinion of Judge Hutcheson attach too much importance to the Hahn case. True, the Oregon Supreme Court thought that Hahn was not in the twilight zone; the United States Supreme Court thought otherwise. But the significance of the Hahn decision has nothing to do with an expanding twilight zone. The United States Supreme Court regarded as serious only the question whether a worker in the twilight zone could spurn federal compensation and bring a suit for personal injuries in a state court—under the language of the Oregon statute allowing an injured employee to bring a negligence suit for damages when an employer has rejected the act's automatic compensation provisions. There is nothing in the Hahn case to inspire the court to look for new revelations on the breadth of the twilight zone—revelations from Davis v. Department of Labor or from Isaiah.

Congress adopted the Longshoremen's and Harbor Workers' Act to provide federal compensation for longshore and harbor workers *beyond the constitutional reach of the state.* Passage of the Act was in itself congressional recognition that in Jensen and its progeny courts felt compelled to draw a line somewhere, beyond which states could not validly reach. The line may be shadowy. The twilight zone the line contains may be uncertain. The zone may stretch from embalmed darkness to the shadow of a

4. In the Hahn case the Supreme Court said [358 U.S. 272, 79 S.Ct. 267]: "In Davis v. Department of Labor & Industries, 317 U.S. 249, 63 S.Ct. 225, 87 L. Ed. 246, we recognized that in some cases it was impossible to predict in advance of trial whether a worker's injury occurred in an operation which, although maritime in nature, was so 'local' as to allow state compensation laws validly to apply under the limitations of Southern P. Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, [L.R.A. 1918C, 451, Ann.Cas.1917E, 900, 14 N.C. C.A. 597]. As to cases within this 'twilight zone', Davis, in effect, gave an injured waterfront employee an election to recover compensation under either the Longshoremen's Act or the Workmen's Compensation Law of the State in which the injury occurred."

5. § 3, 44 Stat. 1426, 33 U.S.C.A. § 903(a).

6. Southern P. Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086.

shade. But if longshoremen are in the zone, there is so little left on the federal side of the line that courts should stop talking about a twilight zone and instead talk about concurrent federal-state jurisdiction in all compensation cases involving all amphibious workers.

I recognize and favor the policy considerations supporting the view that amphibious workers should have a choice between state and federal compensation. But if that is the law with respect to longshoremen injured on navigable waters, Jensen has melted down to the vanishing point. And with no comment from the Supreme Court or Congress.