**TEXAS EMPLOYERS INSURANCE AS-SOCIATION and Bethlehem Steel Company, Plaintiffs,**

v.

**Hon. C. D. CALBECK, Deputy Commissioner Eighth Compensation District, and S. L. Drake, Defendants.**

Civ. No. 4836.

United States District Court
E. D. Texas,
Beaumont Division.

Jan. 10, 1966.

**218**

O. J. Weber, Keith, Mehaffy & Weber, Beaumont, Tex., for plaintiffs.

Levenworth Colby, Sp. Asst. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., and William Wayne Justice, U. S. Atty., Tyler, Tex., for defendant Calbeck.

Woodson E. Dryden, Beaumont, Tex., for defendant Drake.

FISHER, District Judge.

This is an appeal from the Deputy Commissioner's award.

The injured claimant, S. L. Drake, was a painter employed by Bethlehem Steel Company. On July 7, 1960, he was working on board a vessel under construction, but afloat in the navigable waters of the Neches River. He fell from a scaffold and suffered an ankle and back injuries. Thereafter, he duly filed a claim with the Texas Industrial Accident Board. From its award February 16, 1961, he appealed by timely filing suit in the 60th District Court of Jefferson County, Texas, which court retained jurisdiction; and based on a favorable jury verdict, judgment was entered March 21, 1962, in the aggregate amount of $1,229.-37.

In due course, S. L. Drake, represented by different counsel, filed a claim with the Deputy Commissioner in March, 1962, under the Longshoremen and Harbor Worker's Act, 33 U.S.C. § 901. On December 20, 1963, the Deputy Commissioner, after a hearing, awarded him $6,001.71. Injunctive proceedings in this Court have heretofore stayed payments of any compensation, pending final determination of the case.

Plaintiffs contend that the acceptance by claimant, Drake, of a State Court judgment operates as an "election" so as to preclude recovery under maritime law; further, that the judgment in the State Court cannot be disturbed or collaterally attacked by Drake seeking his Federal Remedy provided by the Longshoremen's Compensation Act, the State Court judgment being res judicata.

The defendants contend that there is really no conflict between the State and Federal remedies; that the Longshoremen and Harbor Worker's Act, 33 U.S.C. § 901, is exclusive and supreme, and that Longshoremen Drake does not lose his right to have his claim heard under the Federal Statute regardless of what action or results might have been had in the State Court.

Through the years there has developed what is called a "twilight zone" applicable to employees not considered seamen, doing either what might be construed maritime work or shoreside work; and the Courts first held that whether an employee was subject to Federal Longshoremen's Act or a State Workmen's Compensation Act, depended on the particular fact situation,[1] but the decisions held either the Federal Longshoremen's Act and State Compensation Act exclusive of the other;[2] in other words, the employee was given only one bite at the apple, although the Courts might hold it to be a Federal cause of action or a State cause of action.

The Supreme Court apparently in an effort to clear up the conflict, and, no

1. Davis v. Department of Labor and Industries, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246 (1942) and numerous cases cited.

2. Southern Pacific Company v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917). Grant Smith-Porter Ship Co. v. Rohde, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321, 25 A.L.R. 1008 (1922). Noah v. Liberty Mutual Insurance Co.,

265 F.2d 547 (5th Cir. 1959). Atlantic Stevedoring Co. v. O'Keefe, 220 F.Supp. 881 (S.D.Ga.1963). Richard v. Lake Charles Stevedores, 95 So.2d 830 (La. App.1957), cert. den., 355 U.S. 952, 78 S.Ct. 535, 2 L.Ed.2d 529. Moore v. Christiensen Steamship Co., 53 F.2d 299 (5th Cir. 1931). De Bardeleben Coal Corp. v. Henderson, 142 F.2d 481 (5th Cir. 1944).

doubt, motivated by the desire to liberalize the rights of injured maritime or shoreside workers held in Hahn v. Ross Island Sand & Gravel Company, 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292 (1959) that a "twilight zone" case can be brought under either the Federal Longshoremen's Act or the State Compensation Law,[3] but not under both.

█ The question of jurisdiction was properly raised by Defendant in the State Court, Plaintiffs in the principal case; and the State trial court properly held, we think, that it had jurisdiction under the Texas Workmen's Compensation law. Therefore, the question presented by the facts in the principal case is whether a "twilight zone" employee can seek relief under the Longshoremen's and Harbor Worker's Act, although having made a recovery in the State Court which held jurisdiction under the Workmen's Compensation statute?

We do not think so, although this decision was not easy to come by because the distinction between what is called a "twilight zone" employee and an exclusive longshoreman is very narrow, and there does not seem to be any clear definition; thus, leaving this fact to the determination of the particular trial judge.

The authorities seem to hold that if the claimant is an exclusive longshoreman, the claim properly lies before the Deputy Commissioner under the Longshoremen's and Harbor Workers' Act, and not within the concurrent Federal-State or "twilight zone" and in this instance a prior State Court judgment cannot be res judicata or raise an estoppel for a recovery of further benefits under the Federal Act.[4]

Also in "twilight zone" cases, there appears to be a number of authorities holding that the mere acceptance of State workmen's compensation benefits or signing a release involving State compensation does not operate against the injured employee as an "election" so as to prevent recovery under maritime law.[5]

The leading and controlling case appears to be Calbeck v. Travelers Insurance Company (1962), 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368. Therein, the injured employees were welders in a shipyard, one of them at Orange, Texas.

3. The Supreme Court stated it thusly in Hahn: " * * * *As to cases within this 'twilight zone'*, Davis, in effect, gave an injured waterfront employee an *election* to recover compensation under *either* the Longshoremen's Act *or* the Workmen's Compensation Law of the State in which the injury occurred." (Emphasis supplied) " * * * if the case were not within the 'twilight zone' * * * the Longshoremen's Act would provide the exclusive remedy. *Since this case is within the 'twilight zone', it follows from what we held in Davis that nothing in the Longshoremen's Act or the United States Constitution prevents recovery* (under State law)." (Parenthetical expression added for clarity and emphasis supplied.) 358 U.S. 272, at page 273, 79 S.Ct. 266, at page 267.
T. Smith & Son v. Williams, 275 F.2d 397 (5th Cir. 1960). Emmons v. Pacific Indemnity Co., 146 Tex. 496, 208 S.W.2d 884 (1948). Indemnity Insurance Co. of North America v. Marshall, 308 S.W.2d 174 (Tex.Civ.App.1957, writ ref. N.R.E.). Atlantic Stevedoring Co. v. O'Keefe, supra. Puget Sound Bridge

& Dry Dock Co. v. O'Leary, 224 F.Supp. 557 (W.D.Wash.1963). Davis v. Department of Labor and Industries, supra.

4. Globe Indemnity Co. v. Calbeck, D.C., 230 F.Supp. 9. Flowers v. Travelers Insurance Co. (5 Cir. 1958) 258 F.2d 220. Noah v. Liberty Mutual Insurance Co., 5th Cir., March 10, 1959, 265 F.2d 547, reversed upon rehearing, May 29, 1959, 267 F.2d 218.

5. Calbeck v. Travelers Insurance Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368. Hoffman v. New York, New Haven & Hartford Railroad, 74 F.2d 227 (2d Cir. 1934), cert. den. 294 U.S. 715, 55 S.Ct. 513, 79 L.Ed. 1248. Massachusetts Bonding & Insurance Co. v. Lawson, 149 F. 2d 853, (5th Cir. 1945). Gahagan Construction Co. v. Armao, 165 F.2d 301 (1st Cir. 1948) cert. den. 333 U.S. 876, 68 S.Ct. 905, 92 L.Ed. 1152. Holland v. Harrison Brothers Dry Dock and Repair Yard, 306 F.2d 369 (5th Cir. 1962). Michigan Mutual Liability Co. v. Arrien, 344 F.2d 640 (2d Cir. 1965). Texas Employers Insurance Assn. v. Miller, 370 S.W.2d 12 (Tex.Civ.App.1963, writ ref. N.R.E.).

They were working on new vessels under construction and afloat upon navigable waters. Justice Brennan, writing for the majority, held, (a) injuries sustained by employees working on new vessels under construction and afloat upon navigable waters are not excluded from coverage of the Longshoremen's and Harbor Workers' Compensation Act although recovery may validly be had under a state Workmen's Compensation Law, and (b) acceptance by an employee of payments under a state workmen's compensation law does not constitute an election of the remedy under the state law which precludes recovery under the Longshoremen's Act.

We must in all fairness, make a finding in the principal case that Drake is a "twilight zone" employee and therefore the authorities dealing with a fact situation in which the employee is found to be an exclusive longshoreman would not be applicable, and neither are the authorities cited in footnote (5) applicable. As to the "twilight zone" employee classification, the facts of our case go further than the facts in the Calbeck case, that is, the acceptance of state workmen's compensation payments or the execution of a release involving rights of a workman under the state law. The Calbeck case and others cited hold that there was no actual determination of the question of jurisdiction and therefore no actual "election" by the claimant. In the principal case the employee Drake was represented by counsel and his cause of action was tried to a jury and judgment entered by the State Court in his favor prior to his filing a claim with the Deputy Commissioner under the Federal Longshoremen's Compensation Act.

Perhaps in time the "twilight zone" cases will be expanded, as the defendant contends they should be, and will thus be considered in the same light as "exclusive" longshoreman cases. The defendants contend that this should be the law by virtue of 33 U.S.C. § 915(b) and 916,[6] prohibiting the claimant from waiving his Federal remedy. We cannot in good conscience say what the law will be or should be, and as far as we are able to understand the law, as it is today, no court has gone this far, but to the contrary it appears that the Davis, Hahn and Calbeck cases all hold with the doctrine of "election" and, further, the "election of remedies" theory is reaffirmed in the fairly recent case of Holland v. Harrison Bros. Drydock and Repair Yard, Inc., (1962), in which Judge Wisdom used the following language, " * * * A more recent Supreme Court decision confirms the twilight zone doctrine and the fact that *as to cases within the twilight zone the injured worker is to have an outright election which remedy he wishes to seek.* Hahn v. Ross Island Sand & Gravel Co., 1959, 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292. This doctrine does not give every injured waterfront worker freedom to choose the more generous compensation statute. * * * *But when the case is on the borderline the worker is entitled to seek relief under either his state law or the federal law* * * *." 306 F.2d 369, at page 372. (Emphasis supplied)

■ Since the claimant Drake here litigated to final judgment in a forum of his choice, a State District Court in Texas, and that Court determined that it had jurisdiction, such determination is res judicata and Drake made a binding election of remedies. He is, therefore, estopped from collaterally attacking such final judgment by filing a claim with Deputy Commissioner Calbeck.

6. § 915(b) "No agreement by an employee to waive his right to compensation under this chapter shall be valid. Mar. 4, 1927, c. 509, § 15, 44 Stat. 1434. § 916 "No assignment, release, or commutation of compensation or benefits due or payable under this chapter, except as provided by this chapter, shall be valid, and such compensation and benefits shall be exempt from all claims of creditors and from levy, execution, and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived. Mar. 4, 1927, c. 509, § 16, 44 Stat. 1434.

The Deputy Commissioner's award of compensation to him is not in accordance with law and is hereby set aside. The injunction heretofore granted is made permanent. Plaintiff's Motion for Summary Judgment is granted and that of Defendant is denied.