CHIASSON, Judge.
This is a suit for damages for personal injuries sustained by the plaintiff while employed by Delta Shipyard, Inc. as a fitter’s helper. A negligence action was filed on August 21, 1975, in which Reggie Lirette, Jr., Dennis Lirette and Robert Deroche, as executive officers and/or co-employees, directors, agents, or shareholders of Chromal-loy, Inc. and Delta Shipyard, Inc., a division of Chromalloy, Inc. in Houma, Louisiana, were named as defendants. In May of 1976, the said defendants filed an exception of no cause of action. The exception was sustained by the trial court in its original judgment on March 29, 1977 and again in an amended judgment on May 12, 1977. Plaintiff has taken this appeal; the defendants have not answered nor have they appealed.

ON MOTION TO DISMISS

Defendants filed a motion to dismiss the appeal under the provisions of La.C.C.P. Article 2085 which provides, in part, that an appeal cannot be taken by a party who voluntarily and unconditionally acquiesced in a judgment rendered against him. Defendants assert that the plaintiff unconditionally acquiesced in the trial court’s judgment because he allowed the exception to be sustained without opposition. We cannot agree. The amended judgment of the trial court reads:
“Judgment was originally rendered, read and signed in this case on March 29,1977. However in that judgment, it was inadvertently specified that counsel for plaintiff could present no opposition to the exception of no cause of action. The Court has now fully and completely heard the pleadings, evidence and arguments of counsel, and considering the law and the evidence to be in favor of the defendants the exception of no cause of action ... is maintained, . . ”
Plaintiff thereafter appealed this decision and did not voluntarily and unconditionally acquiesced in the judgment. The defendants’ motion to dismiss is therefore denied.

ON THE MERITS

Plaintiff contends that the trial court erred in sustaining the defendants’ exception of no cause of action and in dismissing his suit.
In the consideration of an exception of no cause of action, all well pleaded allegations of fact are considered as true, and it must be determined if a remedy is afforded to any one under the circumstances alleged, under any theory of the case. La.C.C.P. Articles 862, 927, 931; Economy Carpets Manufacturers and Distributors, Inc. v. Better Business Bureau of Baton Rouge, Inc., 333 So.2d 765 (La.App. 1st Cir. 1976); writ refused; Saragusa v. Dipaola, 247 So.2d 400 (La.App. 1st Cir. 1971).
In the trial court the defendants’ exception was based on the ground that plaintiff’s exclusive remedy against his employer is under the Longshoremen’s and Harbor-workers’ Compensation Act, 33 U.S.C. § 901, et seq., and that under said Act, defendants, as employees of plaintiff’s em *1053 ployer, enjoy the same immunity from tort liability as does the employer.
With respect to claims by employees against third parties the Longshoremen’s and Harborworkers’ Compensation Act provides:
“The right to compensation or benefits under this chapter shall be the exclusive remedy to an employee when he is injured, or to his eligible survivors or legal representatives if he is killed, by the negligence or wrong of any other person or persons in the same employ: Provided, That this provision shall not affect the liability of a person other than an officer or employee of the employer.”
Consequently, if the allegations of plaintiff’s petition, accepted as true, bring him under the exclusive jurisdiction of the LHCA, the judgment of the trial court sustaining defendants’ exception must be affirmed.
The Longshoremen’s and Harborworkers’ Compensation Act, as amended in 1972 provides:
“Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel.)” 33 U.S.C. § 903(a).
In Poche v. Avondale Shipyards, Inc., 339 So.2d 1212 (La.1976), rehearing denied, the Louisiana Supreme Court reviewed the United States Supreme Court’s jurisprudence concerning the LHCA. Therein the Court stated:
“In Davis v. Department of Labor & Industries, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246 (1942), the Supreme Court coined the phrase ‘twilight zone’ to describe the shadowy area in which it was difficult to determine whether state or federal law should apply. In this area, if a worker elected to apply for state benefits his choice would be upheld and the application of state law presumed constitutional. In subsequent cases, the Court made it clear that an area of concurrent jurisdiction existed wherein workers injured on navigable waters, even when their occupations were traditionally maritime, could pursue remedies available under state compensation laws. Hahn v. Ross Island Sand & Gravel Co., 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292 (1959); Richard v. Lake Charles Stevedores, Inc., 95 So.2d 830 (La.App. 1st Cir. 1957), cert. denied 355 U.S. 952, 78 S.Ct. 535, 2 L.Ed.2d 529 (1958); Baskin v. Industrial Accident Commission, 338 U.S. 854, 70 S.Ct. 99, 94 L.Ed. 523 (1949); Bethlehem Steel Co. v. Moore, 335 U.S. 874, 69 S.Ct. 239, 93 L.Ed. 417 (1948).” . . .
A footnote to the above quotation states: “Both the Moore and Baskin cases involved workers engaged in the repair of completed vessels over navigable waters. It had formerly been held that such injuries were within the exclusive federal maritime jurisdiction and thus beyond the protection of state compensation remedies. John Baizley, Iron Works v. Span, 281 U.S. 222, 50 S.Ct. 306, 74 L.Ed. 819 (1930). Nevertheless, the Supreme Court affirmed the state court’s award of state benefits in Moore and reversed the denial of state benefits in Baskin, which denial had been based on the alleged exclusivity of the LHCA remedy.”
After reviewing these and other pertinent cases, the Court in Poche stated:
“What can be gleaned from an examination of these cases is that the United States Supreme Court has made it clear that state compensation laws can be constitutionally applied concurrently with the federal compensation system to some, if not all, categories of maritime workers. While the Court has never overruled Jensen [Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086], it has demonstrated that the uniformity of the federal maritime law is not materially prejudiced by the operation of state compensation remedies even in areas where the federal law is also applicable.6 *1054 Now that the amendments to LHCA cover land-based workers traditionally falling under the exclusive coverage of state acts, we see little reason to conclude that the concurrent application of the two compensation systems is any more inimical to the maritime law than was the case before the 1972 amendments.” (Footnote Omitted).
Accordingly, the Louisiana Supreme Court found no constitutional impediment to the concurrent operation of the LHCA and Louisiana Workman’s Compensation Act with respect to injuries sustained on land in the course of new ship construction. Additionally, in Poche, the Court approvingly reiterated the pre-1972 holding of a Louisiana Fourth Circuit CQurt of Appeal decision in Arp v. Maryland Casualty Company, 170 So.2d 166 (La.App. 4th Cir. 1964) that at least as to a shore based repairman injured aboard a vessel, the state compensation system could apply.
In the instant case plaintiff’s petition alleges that his injury occurred when he slipped on a device referred to as a syn-chrolift, after being instructed to make certain repairs to the vessel. The synchrolift is a submerged apparatus designed to lift a vessel from the water in order to effectuate necessary repairs to the vessel. Unlike a dry dock, however, the synchrolift as well as the vessel remains over the water. However, although such activity is maritime in nature, a shore based fitter’s helper, like plaintiff, by the allegations of his petition, falls in the “twilight” area.
Since we find that plaintiff falls in this “twilight zone” he can elect to seek compensation under LHCA or under the Louisiana Workman’s Compensation Act in light of the concurrent operation of the compensation systems as outlined in Poche. Since plaintiff may elect to seek benefits under the Louisiana Workman’s Compensation Act his petition states a cause of action as against these defendants pursuant to La. R.S. 23:1101. Accordingly, the judgment of the trial court is reversed.
Finally, in brief the defendants point out that plaintiff is now precluded from electing under the compensation laws of this state for the reasons that he has already elected to pursue his remedies under the LHCA. There is no evidence in the record to support this allegation, and, even if there were, we could not consider such evidence in our consideration of the exception of no cause of action.
For the above reasons the judgment of the trial court sustaining defendants’ exception is reversed and judgment is rendered dismissing defendants’ exception at their costs.
REVERSED AND RENDERED.