[No. D002451. Fourth Dist., Div. One. July 1, 1985.]

HONG DUONG, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, NATIONAL
STEEL & SHIPBUILDING COMPANY, INC. et al., Respondents.

COUNSEL

Ludecke, McGrath & Denton, Cline & Clampett and Earl A. Clampett, Jr., for Petitioner.

Littler, Mendelson, Fastiff & Tichy, Roy D. Axelrod, Alice Tirey, Richard W. Youngkin, William B. Donohoe and Alvin R. Barrett for Respondents.

OPINION

**WORK, J.**—In light of apparent inconsistent holdings by separate panels of the Workers' Compensation Appeals Board,[1] we issued certiorari to determine whether a land-based shipyard worker was correctly denied state workers' compensation benefits for injuries incurred when making minor repairs on a commissioned vessel floating in federal navigable waters, but tied to a dock. We hold the injuries occurred while the worker was engaged in activities covered by both the federal and state acts, entitling him to receive state workers' compensation benefits. Thus, we annul the decision of the Workers' Compensation Appeals Board.

I

Hong Duong was employed by National Steel & Shipbuilding Company (NASSCO) as a welder. His current employment commenced January 1984, but he has intermittently worked for NASSCO since 1979, primarily repairing vessels in dry dock or on new ship construction. Petitioner's latest assignments were on a commissioned ship in dry dock being cut in two and extended by welding in an additional portion. After this major reconstruction, the extended ship was then floated out of dry dock and tied to a pier for minor repairs. While the vessel was tied to the pier, petitioner went aboard the ship each day to weld, taking his tools aboard each morning and

---

[1]Contrast *Jose Astorga* v. *Campbell Industries, et al.,* 83 S.D. 79443, with *Aguayo* v. *NASSCO,* 84 S.D. 84624 and *McDonald* v. *Atkinson Marine, et al.,* 83 S.D. 81308.

off ship at the end of his shift. Each day from time to time, he left the ship to pick up welding rods and other materials from the employer's land-based office to use in the repairs.

The state workers' compensation judge found concurrent state and federal workers' compensation jurisdiction. A panel of the Workers' Compensation Appeals Board, on reconsideration, rescinded the judge's order, found the jurisdiction was exclusively federal and dismissed petitioner's claim for state benefits.

II

Duong first applied for and was granted benefits under the federal Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. §§ 901-950), and is attempting to get state coverage because he believes the state compensation benefits are more generous.

When dual federal and state coverage is available, simultaneous applications under each act is permitted because the delay in determining whether both or only one of the acts covers injuries incurred in employment arguably overlapping both the state and federal jurisdictions, may allow a statute of limitations to run for claims where the applicant files only with an agency lacking jurisdiction. Where concurrent jurisdiction allows coverage under both the state and federal acts, there is no danger of double recovery because an employer's contributions under one will be credited against the other. (*Calbeck* v. *Travelers Insurance Co.* (1962) 370 U.S. 114, 131 [8 L.Ed.2d 368, 379, 82 S.Ct. 1196].)

The identical issue we face was addressed definitively in *John Baizley Iron Works* v. *Span* (1930) 281 U.S. 222 [74 L.Ed. 819, 50 S.Ct. 306], where the court denied state benefits to an employee of an iron works injured while making minor repairs on a completed vessel tied up at the pier. The Supreme Court held that repairing a completed ship floating in navigable waters has a direct and intimate connection with navigation and commerce. It gave little weight to petitioner's claim his work normally was nonmaritime and land-based, holding the relevant issue was whether the work *at the time of the injury* was directly related to navigation or commerce. (Stone, Holmes and Brandeis dis.)

*Baizley* has never been directly overruled or criticized by the United States Supreme Court itself; rather, it seems to have been relegated to judicial obsolescence[2] as that court now has given a clear stamp of approval

---

[2]Even respondent does not cite it.

to a theory designed to include within a wide circle of doubt all waterfront cases involving aspects pertaining both to land and to sea where a reasonable argument can be made either to provide coverage under the state or the federal act. (See *Lane* v. *Universal Stevedoring Company* (1973) 63 N.J. 20 [304 A.2d 537].) *Lane* refers to the "twilight zone" theory articulated in *Davis* v. *Department of Labor* (1942) 317 U.S. 249 [87 L.Ed. 246, 63 S.Ct. 225].

In this "twilight zone" where the distinction between federal and state jurisdiction is murky, "employees must have their rights determined case by case . . . ." (*Id.*, at p. 256 [87 L.Ed. at p. 250].) In *Davis*, applying the state act to a steelworker working for a land-based employer, injured while standing on a barge in navigable waters, was held not to hinder the administration of the federal act. Similarly, where shipyard welders were injured while constructing a launched, but uncompleted, vessel, state and federal jurisdictions were deemed concurrent. (*Calbeck, supra,* 370 U.S. at p. 117 [8 L.Ed.2d at p. 371].) Thus, *Calbeck* deemphasizes the fact the injury occurred on navigable waters, stressing the significance of the local nature of work on uncompleted vessels. It had been generally held that shipbuilding, i.e., working on contracts constructing vessels, is a local activity. *Calbeck* extended this concept to construction where the partially completed vessel is already launched.

Any doubt that *Baizley's* authority is now completely eroded is dispelled upon analyzing the United States Supreme Court's reaction to the decision in *Baskin* v. *Industrial Acc. Com.* (1949) 89 Cal.App.2d 632 [201 P.2d 549]. There, a shipyard materialman, whose work was entirely on shore with the exception of two or three tours of short duration aboard ships being repaired, was injured when his employer ordered him onto a moored ship alongside a wharf in San Francisco Bay to help in repairs. The state court denied benefits based on its recognition of *Baizley's* clear language. The United States Supreme Court, (1949) 338 U.S. 854 [94 L.Ed. 523, 70 S.Ct. 99], remanded and ordered reconsideration in light of *Davis, supra,* and its decision in *Bethlehem Steel Co.* v. *Moores* (1948) 335 U.S. 874 [93 L.Ed. 417, 69 S.Ct. 239], affirming a decision of the Supreme Judicial Court of Massachusetts at (1948) 323 Mass. 162 [80 N.E.2d 478].

The California Court of Appeal perceived *Moores* was based on similar although not identical facts, where a worker employed the major portion of his time on shore was injured while working on a commissioned vessel in floating dry dock in navigable waters, being repaired under a maritime contract. On remand, in *Baskin* v. *Industrial Acc. Com.* (1950) 97 Cal.App.2d 257 [217 P.2d 733], the California court recognized the Supreme Court considered its fact situation as being within the "twilight zone." Thus, state

workers' compensation jurisdiction over *Baskin* was confirmed. *Baskin* was affirmed by motion in the United States Supreme Court (340 U.S. 886 [95 L.Ed. 643, 71 S.Ct. 208]).

In *Lane, supra,* 304 A.2d 537, an employee performing functions for an employer primarily on land, sustained injuries in the hold of a ship moored to a dock while moving cargo. The court found the workman to be within the "twilight zone" after analyzing the holdings of *Davis, Moores* and *Baskin. Lane* held *Baizley's* prohibition against state jurisdiction does not apply to activities within this "twilight zone." The decision cites *Moores'* rationalization of *Davis* as establishing the "twilight zone" doctrine in recognition of the futility of reasoning logically about fixing jurisdictional boundaries in areas where waterfront employers and employees regularly engage in land-based work with only occasional incursions on floating commissioned vessels. (Accord, *Parfait* v. *Deroche* (La.App. 1977) 356 So.2d 1051, 1053.) The same result is reached in *Hansen* v. *Perth Amboy Dry Dock Co.* (1967) 48 N.J. 389 [226 A.2d 4] (cert. den. 387 U.S. 934 [18 L.Ed.2d 993, 87 S.Ct. 2055]), and *Szumski* v. *Dale Boat Yards, Inc.* (1967) 48 N.J. 401 [226 A.2d 11] (cert. den. 387 U.S. 944 [18 L.Ed.2d 1331, 87 S.Ct. 2077]), each decision giving primary consideration to the mainly land-based character of employment and the state-based employment contract, as opposed to whether the injury site was actually in navigable waters.

### III

*Lane* also stresses the importance states give to insuring their citizens are afforded coverage under the state compensation laws. We concur an employee should not be deemed to leave the protection of state law behind when ordered by an employer to perform brief duties over navigable waters, especially where, as here, it would deprive the worker of substantial benefits.

The appeals board decision is annulled, and the findings of fact issued by the workers' compensation judge July 20, 1984, are reinstated.

Staniforth, Acting P. J., and Butler, J., concurred.

The petition of respondent Workers' Compensation Appeals Board for review by the Supreme Court was denied September 11, 1985.