## CHAPPELL v. C. D. JOHNSON LUMBER CORP.

Civ. No. 6169.

United States District Court
D. Oregon.
March 26, 1953.

Burl L. Green (of Green, Richardson & Green), Portland, Or., for plaintiff.

Frank E. Nash (of King, Miller, Anderson, Nash & Yerke), Portland, Or., for defendant.

SOLOMON, District Judge.

Plaintiff filed an action in the State Court against the defendant lumber company for damages for the injuries which he sustained and. which. he claims resulted from the negligence of the defendant. At the

time of the accident, he was employed as a spotter by the defendant on a barge which was then being loaded with lumber. The action was removed to this court because of diversity of citizenship.

Defendant filed its answer in which it denied the allegations of negligence and in which it alleged that the accident was solely due to the negligence of the plaintiff. Thereafter, the defendant filed a motion for summary judgment based upon the fact that the complaint showed that, at the time plaintiff received his injuries, "he was in the employ of the defendant at work aboard a barge upon the waters of the Yaquina River engaged in the work of loading the barge with lumber." This was the first time that defendant raised the issue of whether or not plaintiff could maintain such action in view of the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 (hereinafter referred to as the "Act").

At the hearing on defendant's motion, plaintiff stipulated that the barge upon which plaintiff was working was in excess of 18 tons and that the barge was on navigable waters. Section 3 of the Act, 33 U.S.C.A. § 903, provides:

"Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law."

The principal question is whether the State of Oregon may validly provide plaintiff with workmen's compensation payments for the injuries which he sustained.

Plaintiff contends that the facts alleged in the complaint, together with the facts admitted at the hearing, bring plaintiff within the twilight zone between State and Federal jurisdiction. He therefore relies on Davis v. Department of Labor and Industries, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, which held that, where there is no clear demarcation between State and Federal jurisdiction, then in that area in which such jurisdictions overlap, the injured workman has the privilege of proceeding under the State Act.

Plaintiff further argues that all of the authorities cited by the defendant, including Nogueira v. New York, New Haven & Hartford Railroad Company, 1930, 281 U. S. 128, 50 S.Ct. 303, 74 L.Ed. 754; Parker v. Motor Boat Sales, Inc., 1942, 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184; T. J. Moss Tie Co. v. Tanner, 5 Cir., 1930, 44 F.2d 928, certiorari denied 1931, 283 U.S. 829, 51 S.Ct. 353, 75 L.Ed. 1442, and Norton v. Gulf Refining Co., 3 Cir., 1937, 94 F.2d 380, having been decided prior to the Davis case, were, by implication, overruled by such case.

■ In my opinion the loading of a barge of 18 tons or more in navigable water is maritime in nature and injuries of a workman employed on such a barge are likewise maritime, and the rights and liabilities of the parties in connection therewith are clearly within the admiralty jurisdiction and outside the reach of State compensation laws. Southern Pacific v. Jensen, 1916, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086.

Although I appreciate the fact that the Jensen case has been criticized and distinguished on many occasions, the Supreme Court of the United States, in the recent case of Pennsylvania Railroad Company v. O'Rourke, 344 U.S. 334, 73 S.Ct. 302, 304, has found: "The 'Jensen line of demarcation between state and federal jurisdiction' has been accepted", and the Court cited the Nogueira case with approval.

In my view, the facts of this case do not bring plaintiff within the twilight zone between State and Federal jurisdiction but clearly within Federal jurisdiction, and I therefore find that plaintiff may not maintain his action in this Court but must seek his remedy under the provisions of the Longshoremen's and Harbor Workers' Compensation Act.

■ Even if plaintiff's work was within the penumbra where State and Federal au-

thority overlap, in my opinion the only alternative is coverage under State Compensation. The Act was designed to protect injured workmen in hazardous occupations without regard to fault. The rationale and history of the Act as set forth in the Davis and Nogueira decisions require this interpretation of section 3.

In this case, state compensation was not available to the plaintiff for the reason that the employer elected not to come under the Oregon Workmen's Compensation Law. Plaintiff therefore seeks to enforce a common-law remedy predicated on his employer's fault. The choice here is not one between State and Federal compensation as it was in the Davis case. In my opinion, this alternative is not available to plaintiff for Congress only exempted seamen, at their own request, from automatic coverage and did not give harbor workers the same privilege. The Act is automatic except in the limited circumstances provided for in the Act. Coverage under a State Workmen's Compensation Law is necessary to avoid automatic coverage under the Act.

■ Since plaintiff was not covered under the Oregon law, it makes no difference whether, at the time of the accident, he was in an exclusively Federal area or within the twilight zone.

■ As a subsidiary point, the plaintiff alleges that the defendant failed to show that it secured the payment of compensation as required by § 5 of the Act, 33 U.S. C.A. § 905. Defendant has indicated its willingness to prove that, at the time of the accident, it had complied with all the requirements of the Act. If it desires, defendant can avail itself of that opportunity. However, in my view, the failure to comply with this section does not give an injured workman the privilege of filing a common-law action or an action under the Oregon Employers' Liability Act for injuries. The workman's remedy is limited to maintaining the type of action provided for in the Act itself. See Nogueira v. New York, New Haven & Hartford Railroad Co., 281 U.S. 128, 137, 50 S.Ct. 303, 74 L. Ed. 754.