**Leslie H. CHAPPELL, Appellant,**

v.

**C. D. JOHNSON LUMBER CORPORATION, Appellee.**

**No. 13883.**

United States Court of Appeals Ninth Circuit.

Nov. 22, 1954.

Rehearing Denied Jan. 13, 1955.

Burl L. Green, Green, Richardson & Green, Portland, Or., for appellant.

Frank E. Nash, King, Miller, Anderson, Nash & Yerke, Portland, Or., for appellee.

Before HEALY, and ORR, Circuit Judges, and WIIG, District Judge.

PER CURIAM.

The plaintiff in this case, appellant here, brought suit against appellee in an Oregon state court to recover damages for personal injuries suffered while in the latter's employ as a "spotter" in the loading of a barge with lumber produced at appellee's adjacent mill. The loading operation was allegedly accomplished by means of an overhead crane, or monorail, which conveyed lumber from the dock and set it down on blocks on the barge. Appellant's work, in which he had been employed for approximately 2½ months, was to spot the blocks and keep them in proper position on the vessel during the loading operation. On the occasion in question, while walking away after having spotted the blocks, he was struck by the loosened tongs of the carrying appli-

ance. In his complaint he relied in part on violation of a safety rule promulgated by the State Industrial Accident Commission of Oregon. He also alleged negligence in a number of particulars in the handling of the crane and tongs.

Appellee obtained the removal of the cause to the Federal court on diversity grounds. In its answer thereafter filed it denied negligence on its part and alleged contributory negligence on the part of the complainant. The answer made no mention of the Longshoremen's Act. Subsequently appellee moved for summary judgment under Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., provided complainant's exclusive remedy. In an affidavit opposing the motion appellant stated that he had no information concerning any rights he might have under that Act, and that to his knowledge no notice had been posted by appellee that it had secured payment of compensation thereunder. At a hearing on the motion it was agreed that the injury had occurred aboard a vessel in excess of 18 tons upon the navigable waters of the United States. Appellee made no showing that it had complied with the requirements of the Longshoremen's Act by providing compensation coverage prior to the injury, although its counsel stated that such had been done and that proof thereof would be produced if desired. Appellant's counsel declined, however, to admit that there had been compliance.

On this condition of the record the court granted summary judgment and dismissed the complaint. In so doing it apparently acted on the view that noncompliance with the Act had not been pleaded by the complainant, and that under § 5 of the Act the burden rested on the complainant to allege and prove non-compliance. The court's opinion in the case is reported in 112 F.Supp. 625.

Here as below appellant, relying on Davis v. Department of Labor and Industries, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, contends that the operation in which he was injured falls within the twilight zone between State and Federal jurisdiction. We are not able to agree. The facts as submitted disclose a typical situation of maritime injury. Pennsylvania Railroad Co. v. O'Rourke, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367; cf. Western Boat Bldg. Co. v. O'Leary, 9 Cir., 198 F.2d 409. Accordingly we accept the trial court's holding that the case is not ruled by Davis, supra. But we think with appellant that summary judgment should not have been granted in the equivocal condition of this record. There remained still an area of factual uncertainty as to whether the employer had secured payment of compensation as required by the Longshoremen's Act. In the possible contingency that it should develop on further inquiry that the employer had not done so, the appellant would be entitled to maintain his present action at law. Consult § 5 of the Act, 33 U.S.C.A. § 905.

The judgment will be vacated and the cause remanded for further proceedings in conformity with this opinion. If it should be found that appellee had in truth conformed to the requirements of the Act the suit would be at an end, although appellant's right to obtain the Act's benefits through proceedings before the deputy commissioner would not be barred or impaired. See 33 U.S.C.A. § 913(d). In the event compliance with the Act does not appear, the appellant would be entitled at his election to proceed with his subsisting action, with leave granted him to amend his complaint in any particular desired.

So ordered.