## HAHN *v.* ROSS ISLAND SAND & GRAVEL CO.

No. 52. Argued December 11, 1958.—Decided January 12, 1959.

*Dwight L. Schwab* argued the cause for petitioner. With him on the brief was *Herbert C. Hardy.*

*Ray H. Lafky,* Assistant Attorney General, argued the cause for the State of Oregon, as *amicus curiae,* urging reversal. With him on the brief was *Robert Y. Thornton,* Attorney General.

*Arno H. Denecke* argued the cause for respondent. With him on the brief was *Robert T. Mautz.*

PER CURIAM.

By its terms, the Longshoremen's and Harbor Workers' Compensation Act does not apply "if recovery for the disability or death through workmen's compensation proceedings *may . . . validly be provided by State law."* § 3, 44 Stat. 1426, 33 U. S. C. § 903 (a) (emphasis supplied). In *Davis* v. *Department of Labor,* 317 U. S. 249, we recognized that in some cases it was impossible to predict in advance of trial whether a worker's injury occurred in an operation which, although maritime in nature, was so "local" as to allow state compensation laws validly to apply under the limitations of *Southern Pacific Co.* v.

*Jensen,* 244 U. S. 205. As to cases within this "twilight zone," *Davis,* in effect, gave an injured waterfront employee an election to recover compensation under either the Longshoremen's Act or the Workmen's Compensation Law of the State in which the injury occurred. It seems plain enough that petitioner's injury occurred in the "twilight zone," and that recovery for it "through workmen's compensation proceedings," could have been, and in fact was, validly "provided by State law"—the Oregon Workmen's Compensation Act. Ore. Rev. Stat. §§ 656.002–656.990. Therefore, the Longshoremen's Act did not bar petitioner's claim under state law. But since his employer had elected to reject them the automatic compensation provisions of the Oregon Workmen's Compensation Act did not apply to the claim. Section 656.024 of that law provides, however, that when an employer has elected to reject the Act's automatic compensation provisions his injured employee may maintain in the courts a negligence action for damages. Of course, the employee could not do this if the case were not within the "twilight zone," for then the Longshoremen's Act would provide the exclusive remedy. Since this case is within the "twilight zone," it follows from what we held in *Davis* that nothing in the Longshoremen's Act or the United States Constitution prevents recovery.

The judgment is reversed and the cause is remanded to the Supreme Court of Oregon for proceedings not inconsistent with this opinion.

THE CHIEF JUSTICE and MR. JUSTICE FRANKFURTER took no part in the consideration or decision of this case.

MR. JUSTICE STEWART, whom MR. JUSTICE HARLAN joins, dissenting.

This case poses a difficult and important issue of first impression. The Court decides it, I think, incorrectly.

The petitioner was injured while working on a barge in navigable waters within the State of Oregon. The respondent employer had secured payment of compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S. C. § 901 *et seq.*, but had elected not to be covered by the Oregon Workmen's Compensation Law, Ore. Rev. Stat. § 656.002 *et seq.* Compensation benefits under the federal statute were clearly available at all times to the petitioner. Instead of accepting these benefits, however, he brought an action for personal injuries in an Oregon state court, the Oregon statute permitting such an action against an employer not participating in the state workmen's compensation plan.[1]

The trial court entered judgment for the employer, notwithstanding a jury award in the petitioner's favor, and the judgment was affirmed by the Oregon Supreme Court, which held that the petitioner's sole remedy was under the federal statute. 214 Ore. 1, 320 P. 2d 668. It is that decision which is today reversed.

The creation in *Davis* v. *Department of Labor* of a "twilight zone" was a practical solution to a practical problem, a problem stemming from *Southern Pacific Co.* v. *Jensen*, 244 U. S. 205, and one which 25 years of post-*Jensen* history had failed to solve. The problem was how to assure to injured waterfront employees the simple, prompt, and certain protection of workmen's compensation which Congress had clearly intended to give in enacting the federal statute. See 317 U. S., at 254. The *Davis* decision in effect told the injured employee that in a doubtful case he would be assured of workmen's compensation whether he proceeded under a state workmen's compensation act or the federal statute. See *Moores's*

---

[1] The employer in such a case is deprived of the traditional common-law defenses. Ore. Rev. Stat. § 656.024.

*Case,* 323 Mass. 162, 80 N. E. 2d 478, aff'd *per curiam, sub nom. Bethlehem Steel Co.* v. *Moores,* 335 U. S. 874.

Even accepting the premise that the circumstances surrounding Hahn's accident brought it within the twilight zone, no one had supposed until today that either *Davis* or the federal statute allowed an employee to spurn federal compensation and submit his claim to a state court jury.[2] *Chappell* v. *C. D. Johnson Lumber Corp.,* 112 F. Supp. 625, reversed on other grounds, 216 F. 2d 873.

In the interest of a clear legislative purpose to provide the certainty and security of workmen's compensation, the "illogic" of a twilight zone was permitted.[3] Such illogic should not be utilized to frustrate that very purpose. I would affirm the judgment.

---

[2] The pertinent provision of 33 U. S. C. § 903 (a) is as follows: "(a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death *through workmen's compensation proceedings* may not validly be provided by State law." (Emphasis added.)

[3] The twilight zone and its background have been much criticized and discussed. For summaries, see Gilmore and Black, The Law of Admiralty (1957), § 6–48; 2 Larson, The Law of Workmen's Compensation (1952), § 89.00 *et seq.;* Rodes, Workmen's Compensation for Maritime Employees: Obscurity in the Twilight Zone, 68 Harv. L. Rev. 637 (1955).