JANVIER, Judge.
The plaintiff, Morris Narcisse, Jr., having been accidentally injured while engaged in hazardous employment by defendant, the American Sugar Refining Company, brought this suit in the Civil District Court for the Parish of Orleans under the Louisiana Workmen’s Compensation Laws, LSA-R.S. 23:1021 et seq., praying for judgment based on total, permanent disability.
The defendant, after an unsuccessful attempt to remove the case to the United States District Court for the Eastern District of Louisiana, excepted to the jurisdiction of the State courts of Louisiana, ratione materiae, on the ground that “the alleged facts in this proceeding should be brought exclusively under the provisions of the United States Longshoremen’s & Harbor Workers’ Compensation Act, and that all matters under the said Act are cognizable only by the United States Deputy Commissioner and the United States Courts.” This exception was overruled and the defendant, reserving its rights under the exception, answered denying that plaintiff had been totally and permanently injured and averring that plaintiff had accepted certain payments under the provisions of the United States Longshoremen’s and Harbor Workers’ Compensation Act (33 U.S.C.A. § 901 et seq.), and that accordingly “* * all remedies available to the plaintiff should be pursued under the said United States Longshoremen’s and Harbor Workers’ Compensation Act.” By supplemental answer the defendant averred that plaintiff had been injured on March 12, 1958, and had returned to work on August 11, 1958, and that during the period in which he did not work he had been paid compensation from the United States Deputy Commissioner under the United States Longshoremen’s and Harbor Workers’ Compensation Act in an amount in excess of what he would have received under the Louisiana Workmen’s Compensation Laws, and that he had also negotiated for and had received an amount of $200 for facial disfigurement.
After a trial on the merits defendant renewed its exception to the jurisdiction which was again overruled, and there was then judgment dismissing plaintiff’s suit. Plaintiff has appealed.
Since the exception to the jurisdiction, based on the contention that plaintiff’s remedy is limited to that provided by the Longshoremen’s and Harbor Workers’ Compensation Act, puts at issue the question of whether the State courts have jurisdiction, it is necessary that we first consider that issue, since an upholding of that exception to the jurisdiction will deprive us of the authority to consider the contention that plaintiff is not disabled, and the further contention that even if he was temporarily disabled, he has received under the Federal act more than he would be entitled to under State Workmen’s Compensation Laws.
*691 The exception again presents the now well established Twilight Zone doctrine which has followed the decision of the Supreme Court of the United States in Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, and which has been discussed in innumerable decisions of the Supreme Court of the United States and courts of this and other states, including our own decisions in Ellis v. Travelers Insurance Co., La.App., 123 So.2d 780, and Berner v. Oil Transport Co., Inc., La.App., 126 So.2d 731.
Although the decision in the Jensen case has been criticized as “ill starred” by Mr. Justice Frankfurter in a concurring opinion in Davis v. Department of Labor and Industries of State of Washington, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, and by our Brothers of the old First Circuit Court of Appeal in Beadle v. Massachusetts Bonding & Ins. Co., La.App., 87 So.2d 339, we have the temerity to feel and to say that we do not see that there is anything ill starred about the Jensen decision provided the doctrine announced there be limited to cases which are not purely local in nature and which actually involve the operation, maintenance, loading or unloading of vessels in navigable waters, and engaged in operations which extend beyond local ports or areas. That decision, though limited in certain respects, has never been overruled in spite of those criticisms by those and other eminent jurists.
We shall not again indulge in a protracted discussion of those numerous decisions, but shall merely state the facts which are presented in this record and which we think show that the operation in which the plaintiff here was engaged was not of a purely local nature, involved the loading and unloading of a vessel engaged in interstate and foreign commerce, and was squarely within the doctrine of the Jensen case.
According to the testimony of plaintiff himself and the fellow employees, he “always” worked in the loading and unloading of barges in which products needed by the defendant company or products produced by the defendant company were transported between this and other ports to and from the plant of the defendant company, which was located alongside its docks on the Mississippi River in this City. On all such occasions plaintiff operated either of two mechanical machines which assisted in the loading and unloading of cargo from those barges, although it is conceded that when rain prevented operation on the barges, or when there were no barges to be loaded or unloaded, plaintiff became a part of the “labor pool” and could be assigned to jobs within the plant of the defendant company which was on shore alongside the docks, though we repeat that plaintiff and his fellow employees who testified said that his job was the loading and unloading of those barges which were engaged in interstate and foreign commerce.
On the day of the accident plaintiff was working at his regular duties on one of these floating barges. The sole question then for our determination is whether the occupation in which he at that moment was engaged was within the Twilight Zone or was so maritime in nature that to allow recovery under State Workmen’s Compensation Laws would interfere with the “proper harmony and uniformity of” maritime law.
While we have stated that we shall not engage again upon a protracted discussion of the many decisions since the Jensen doctrine was announced, counsel for plaintiff, by his confident reliance upon two decisions, makes it necessary that we discuss those two decisions, both by the Supreme Court of the United States. One of them is Davis v. Department of Labor and Industries of State of Washington, supra; the other is Hahn v. Ross Island Sand & Gravel Co., Inc., 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292. Counsel says that in each of those two cases the employee was working on a barge and that, since the employee, plaintiff here, was also working on a barge, we should be controlled by those two decisions. The facts in those cases clearly *692 distinguish them and show that in each of them the operation in which the employee was engaged was purely local and therefore did not interfere with the proper harmony and uniformity of maritime law. The reason for this uniformity is well stated in the Jensen decision in the following words:
“If New York can subject foreign ships coming into her ports to such obligations as those imposed by her Compensation Statute, other states may do likewise. The necessary consequence would be destruction of the very uniformity in respect to maritime matters which the Constitution was designed to establish; and freedom of navigation between the states and with foreign countries would be seriously hampered and impeded. * * * ” [244 U.S. 205, 37 S.Ct. 529].
The distinction between the facts of the Davis case and the facts of the Hahn case are clearly apparent. In the Davis case [317 U.S. 249, 63 S.Ct. 226] the job of the employee was “to dismantle an abandoned drawbridge” which was located over a navigable river. The task of the employee was to cut steel from the bridge with oxyacetylene torches and to move it about 250 feet away for storage to await delivery “to g. local purchaser.” The steel when cut from the bridge was lowered to a barge and then on the barge was towed to a storage point nearby. Obviously this was a purely local operation.
In the Hahn case, as found by the Supreme Court of Oregon, the plaintiff was employed to take care of machinery on a local dredge which was used in digging up gravel which was then crushed and transferred to barges and then taken to a storage point “inside of the lagoon.” Obviously there was nothing here which made it necessary to apply the doctrine of the Jensen case. However, the Supreme Court of Oregon (214 Or. 1, 320 P.2d 668, 669) held that the facts did not bring the matter within the so-called Twilight Zone doctrine and that recovery could be had only under the Longshoremen’s and Harbor Workers’ Compensation Act. The Supreme Court of the United States granted a writ of certio-rari and said that, on the facts found by the Supreme Court of Oregon, “it seems plain enough that petitioner’s injury occurred in the ‘twilight zone,’ and that recovery for it ‘through workmen’s compensation proceedings,’ could have been, and in fact was, validly ‘provided by State law1 * [358 U.S. 267, 79 S.Ct. 267],
Those two cases merely evidence the necessity in certain situations for a recognition of the Twilight Zone doctrine, but they do not require a holding that, under facts such as are involved here, the employee may proceed either under the State Compensation Law, or the Longshoremen’s and Harbor Workers’ Compensation Act. We are not vain enough to believe that we can state exactly where should be placed the line which should determine in every case whether or not it is a Twilight Zone case. That illusionary line has not been definitely placed by any of the eminent jurists who have discussed the question. All that we do say is that where there is involved the loading or unloading of a vessel on navigable water used in interstate or foreign commerce, or, in fact, used in any situation which is not purely local, recovery should be limited to that provided by the Longshoremen’s and Harbor Workers’ Compensation Act.
The Jensen case involved the loading of a vessel and there it was held that recovery could not be had under State Workmen’s Compensation Laws. Peters v. Veasey, 251 U.S. 121, 40 S.Ct. 65, 64 L.Ed. 180, involved the unloading of a vessel and the Supreme Court of the United States there reversed the Supreme Court of Louisiana and held that where the unloading of a vessel is involved, the employee may not recover under State Workmen’s Compensation Laws.
Our conclusion that there can be no recovery under the State Workmen’s Compensation Laws prevents our considering the alternative contentions of the defendant *693 that the receipt by the plaintiff of compensation under the Federal law and the negotiation for and receipt by him of payment for facial disfigurement under the Federal law estops him to contend that he may now proceed under State law, and the other contention that, in any event, he has been compensated for his injuries in an amount greater than he would have received under State Compensation Laws.
The judgment overruling the exception to the jurisdiction of the State Courts is annulled and reversed and that exception is now maintained. The judgment dismissing the suit is affirmed at the'cost of appellant.
Affirmed.