170 So.2d 166 (1964)
Robert Crawford ARP
v.
MARYLAND CASUALTY COMPANY.
No. 1577.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 1964.
Rehearing Denied January 11, 1965.
Writ Refused February 24, 1965.
*167 Jerome P. Halford, New Orleans, for plaintiff-appellant.
Marian Mayer Berkett, of Deutsch, Kerrigan & Stiles, New Orleans, for defendant-appellee.
Before REGAN, CHASEZ and HALL, JJ.
CHASEZ, Judge.
Plaintiff filed suit for total and permanent disability benefits under the Louisiana Workmen's Compensation Act as the result of an alleged injury which occurred on a barge moored in the Mississippi River. The defendant is the compensation insurer of the plaintiff's employer. Defendant filed exceptions to the jurisdiction, and of no cause of action; the exceptions were based on the contention that plaintiff's exclusive remedy is the Longshoremen's and Harbor Workers' Act because his injury was sustained on navigable waters. The court upheld the exception of lack of jurisdiction and dismissed plaintiff's suit. Plaintiff appeals from this judgment.
A deposition of plaintiff was submitted by the defendant to support the exception; in opposition the plaintiff submitted an affidavit. These were properly considered by the Court because the issue of jurisdiction was not clearly presented on the face of the pleadings.
The plaintiff was employed by Electronic Services, Inc., as an electronic technician or repairman. His job consisted of working on electronic equipment for boats, offices and motor vehicles. This work required him to make service calls on boats and repair the equipment on the spot at times. On the night the alleged accident occurred he was on quite an unusual mission. His employer directed him to remove certain electronic equipment from the tug Seahorse which was docked at the Federal Barge Line Wharf in New Orleans, on the Mississippi River. The owners of the vessel had not paid for the equipment; plaintiff's employer, *168 fearing that the vessel would be seized by other creditors of the vessel owner, wished to repossess the equipment. Four barges were lashed to the tug and lay between the tug and the wharf. While plaintiff was lifting some of the equipment on the barge next to the Seahorse he allegedly sustained a hernia. Both parties concede that plaintiff was over navigable water when the alleged injury was sustained.
The plaintiff contends that this case is a proper case for the application of the "twilight zone"[1] doctrine, giving the plaintiff the right to bring suit in state court if he chooses. The defendant contends that the twilight zone doctrine has lost its validity and in the alternative if the doctrine retains validity that it has no application in this case.
We see no point in a lengthy review of the twilight zone doctrine for this has been done often and adequately in the past. The defendant's main contention is that the case of Calbeck v. Travelers Insurance Company, 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962), emasculated the local concern doctrine and by the same token the twilight zone doctrine. We believe that the doctrine still survives. In Calbeck the Court commented on the Davis case which established the doctrine:
"In Davis v. Department of Labor, 317 U.S. 249, 62 S.Ct. 225, 87 L.Ed. 246, a structural steel worker engaged in dismantling a bridge across a navigable river was cutting and stowing dismantled steel in a barge when he fell into the river from the barge and was drowned. His dependents sought compensation under the state act and this Court held that it could be applied. The result was not predicated on the ground that the employment was `maritime but local,' and so outside the coverage of the Longshoremen's Act. Rather the Court viewed the case as in a `twilight zone' where the applicability of state law was `extremely difficult' to determine, and resolved the doubt, of course, in favor of the constitutionality of the application of state law. At the same time, the Court indicated that compensation might also have been sought under the Longshoremen's Act and that an award under that Act in the very same circumstances would have been supportable, pointing out that the Act adopts `the Jensen line of demarcation.' 317 U.S., at 256, 62 S.Ct. 225. * * *"
We do not read this statement as an overruling of Davis. We feel that the Calbeck case established that if an injury occurs over navigable water the Deputy Commissioner may take jurisdiction even though under the old "local concern" doctrine he would have been precluded from doing so. It should be noted that Calbeck did not hold that if the injury happened over navigable water a state court could not apply its local compensation act.
In support of our position that the twilight zone survives, we call attention to Holland v. Harrison Bros. Dry Dock and Repair Yard, Inc., 306 F.2d 369 (5th Cir.1962). In this case a workman while on dry land but under a marine railway on which a barge was being repaired sustained an injury to his back. The Deputy Commissioner took jurisdiction of the case; the Fifth Circuit sustained his jurisdiction on the ground that the case was within the twilight zone. The Court in so holding discussed the twilight zone doctrine in light of Calbeck and concluded it was still valid:
"Although the [Longshoremen's and Harbor Workers'] Act chartered a course for thousands of workers, many weary and frustrated litigants were unable to navigate the legal complexities of state and maritime jurisdiction, misjudged their course, and pursued the wrong remedy until after prescription had barred appropriate relief. In 1942 *169 the Supreme Court, in part at least to reduce such instances of hardship, recognized a `twilight zone' embracing cases involving mixed elements of land and maritime jurisdiction where an appellate court would leave to the fact-finder the decision whether jurisdiction existed for the remedy sought. Davis v. Department of Labor and Industries of Washington, 1942, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246. In Davis a structural steel worker engaged in dismantling a bridge across a navigable river was stowing dismantled steel in a barge when he fell from the barge and was drowned. * * *"
* * * * * *
"After Davis, two per curiam decisions indicated that the Supreme Court intended the `twilight zone' `to include within a wide circle of doubt all waterfront cases involving aspects pertaining both to the land and to the sea where a reasonable argument can be made either way.' Moore's Case, 1948, 323 Mass. 162, 80 N.E.2d 478, 481, aff'd, Bethlehem Steel Co. v. Moore, 1948, 335 U.S. 874, 69 S.Ct. 239, 93 L.Ed. 417 and Baskin v. Industrial Acc. Comm., 1950, 340 U.S. 886, 71 S.Ct. 204, 95 L.Ed. 643 [sic], 338 U.S. 854, 70 S.Ct. 99, 94 L. Ed. 523. A more recent Supreme Court decision confirms the twilight zone doctrine and the fact that as to cases within the twilight zone the injured worker is to have an outright election which remedy he wishes to seek. Hahn v. Ross Island Sand & Gravel Co., 1959, 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292. This doctrine does not give every injured water front worker freedom to choose the more generous compensation statute. Where admiralty jurisdiction is clearly present the federal remedy is mandatory. Flowers v. Travelers Ins. Co., 5 Cir., 1958, 258 F.2d 220, cert. denied, 359 U.S. 920, 79 S.Ct. 591, 3 L.Ed.2d 582; Noah v. Liberty Mut. Ins. Co., 5 Cir., 1959, 267 F.2d 218. And when there is a total absence of admiralty jurisdiction the worker must of course seek relief under the state law. But when the case is on the borderline the worker is entitled to seek relief under either his state law or the federal law, and we must affirm a finding by the Deputy Commissioner that jurisdiction exists for an award under the Longshoremen's Act." (Emphasis ours.)
We also call attention to Matherne v. Superior Oil Company, D.C., 207 F.Supp. 591 (1962). In Matherne the plaintiff was a land-based truck driver whose truck was placed upon a barge to bring it to a delivery point. While his truck was on the barge which was crossing navigable water he apparently stepped out of the cab of the truck and fell off the barge. He drowned. The Court in the course of its opinion stated:
"This case bears a marked resemblance to Davis v. Department of Labor and Industries of Washington, 317 U. S. 249, 63 S.Ct. 225, 87 L.Ed. 246, the genesis of the twilight zone. There a land-based welder, engaged in dismantling a bridge, momentarily went aboard a barge being used as part of the bridge dismantling job. The welder was injured on the barge and the Supreme Court held that the question of jurisdiction for federal or state workmen's compensation was so uncertain that either the federal or state acts might apply. At bar we have a landbased truck driver who temporarily goes aboard a barge for the purpose of delivering pipe to a drilling site. The Supreme Court's recent decision in Calbeck v. Travelers Insurance Co. [370 U.S. 114], 82 S.Ct. 1196 [8 L.Ed. 2d 368], 1962, seems to foreclose the question of the proper application of the Longshoremen's and Harbor Workers' Act in this case. However, Calbeck did not abolish the choice of remedies doctrine of Davis, supra. Nor, apparently, did Calbeck erase the twilight zone, as suggested in the dissent. *170 We are left with the conclusion that this is a twilight zone case and it must be dealt with accordingly."
* * * * * *
"The status of this case at present, then, is that plaintiffs are in the twilight zone and have made an initial choice of both forums by filing a state compensation suit in state court against Matherne's employer and a maritime tort suit in federal court against Superior. * * *" (Footnotes omitted).
Since the twilight zone doctrine retains validity, we must now face the question of whether this case properly falls within it; if so, the Courts of this state have jurisdiction. The defendant argues 1) there is a presumption in effect that if the plaintiff is injured over navigable water that he is engaged in a maritime activity; 2) plaintiff was unloading equipment from a vessel, thus being analogous to a stevedore and a maritime employee and 3) plaintiff's job was maintaining maritime electronics equipment which may give rise to a maritime lien therefore his employment is maritime.
For its first proposition the plaintiff cites the case of Pennsylvania R. Co. v. O'Rourke, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367 (1953). In this case it was stated "* * * If, then, the accident occurs on navigable waters, the Act must apply if the injured longshoreman was there in furtherance of his employer's business, irrespective of whether he himself can be labeled `maritime.' * * *" The defendant contends then that if an accident occurs over the water that the Longshoremen's and Harbor Workers' Act must apply and further that if the accident happens over water the employee is engaged in a maritime endeavor. We think that the O'Rourke case is not properly a twilight zone case for there the question was not between the application of State Compensation Law and Federal Law but between two bodies of Federal Law, the Longshoremen's and Harbor Workers' Act and the Federal Employers' Liability Act. In footnote eight of the O'Rourke case the Court stated:
"Davis v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, is an illustration of the difficulty encountered in applying this standard, happily not present in the case at bar. The Davis case avoided uncertainty in areas where state and federal statutes might overlap. In the present case we have two federal statutes and a line marking their coverage can be drawn."
Furthermore, to accept the defendant's contention would necessarily have us ignore the twilight zone cases where the accident was over navigable water and the state act was applied. See Davis v. Department of Labor and Industries, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246; Hahn v. Ross Island Sand & Gravel Co., 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292 (1959).
The second contention does not merit deep consideration. The plaintiff herein was engaged in a midnight sequestration. Of course, after dismantling the equipment he had to carry it to the waiting vehicle. We do not think this fact would make plaintiff a stevedore and bring him within the holdings of Ellis v. Travelers Insurance Company, 241 La. 433, 129 So.2d 729 (1961); Flowers v. Travelers Insurance Company, 258 F.2d 220 (5th Cir. 1959); Noah v. Liberty Mutual Insurance Company, 267 F.2d 218 (5th Cir. 1959).
The third argument will not defeat the application of the twilight zone. Although it may be true that a lien may be given for this type of equipment we do not think this would be determinative of the applicability of the twilight zone.
In Flowers v. Travelers Insurance Company, 258 F.2d 220 (5th Cir. 1959), a welder who worked for a shipyard was repairing a ship over navigable water and was injured. The Court in passing stated that a lien in rem was given for the repair of a ship but this factor itself was not determinative. There was no doubt in *171 Flowers that the employee's and employer's work was maritime. In the instant case the plaintiff's work is not exclusively maritime.
We think that Davis v. Department of Labor and Industries, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, is applicable. This is further supported by the case of Hahn v. Ross Island Sand and Gravel Co., 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292 (1959).
In Hahn a worker on a barge was injured while over navigable waters. The Supreme Court of the United States held that the worker was in the twilight zone. It should be noted also that Flowers was decided before Hahn. See also Bethlehem Steel Co. v. Moores, 335 U.S. 874, 69 S.Ct. 239, 93 L.Ed. 417 (1938); Baskin v. Industrial Accident Commission, 338 U.S. 854, 70 S.Ct. 99, 94 L.Ed. 523 (1949).
The defendant further cites Ellis v. Travelers Insurance Company, supra; Noah v. Liberty Mutual Insurance Company, supra; Apperson v. Universal Services, Inc., 153 So.2d 81 (La.App.1963), and Berner v. Oil Transport Company, 126 So.2d 731 (La.App.1961), in support of their position. These cases do not apply. In Ellis and Noah the question was whether a stevedore was within the twilight zone; this case does not involve a stevedore. The Apperson and Berner cases involve a seaman attempting to get relief under the Louisiana Compensation Act; in this case it is clear that the plaintiff is not a seaman.
In conclusion we hold that this is a proper case for the application of the twilight zone doctrine and can be entertained by the Courts of this state. The judgment is therefore reversed and remanded for the proper proceedings in accordance with this opinion. All costs of Court shall be borne by appellee, Maryland Casualty Company.
Reversed and remanded.
NOTES
[1] See Davis v. Department of Labor and Industries, 317 U.S. 249, 62 S.Ct. 225, 37 L.Ed. 246.