**R. J. SHEA, Deputy Commissioner, Eighth Compensation District, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, and Bethlehem Steel Company, Appellees.**

No. 23926.

United States Court of Appeals
Fifth Circuit.

Aug. 29, 1967.

Rehearing Denied Nov. 7, 1967.

Leavenworth Colby, Special Asst. Atty. Gen., Dept. of Justice, Barefoot Sanders, Asst. Atty. Gen., David Rose, Atty., Dept. of Justice, Washington, D. C., for appellant.

O. J. Weber, Jr., Beaumont, Tex., for appellees, Keith, Mehaffy & Weber, Beaumont, Tex., of counsel.

Before RIVES, WISDOM and GOLDBERG, Circuit Judges.

RIVES, Circuit Judge:

Pursuant to an able opinion reported in 249 F.Supp. 217, the district court set aside the compensation order of the deputy commissioner under the Longshoremen's and Harbor Workers' Compensation Act,[1] awarding disability benefits to S. L. Drake, an employee of Bethlehem Steel Company, supplemental to the benefits which had been paid under the Workmen's Compensation Act of the State of Texas.[2] We affirm.

Drake was injured on July 7, 1960, while working on board a vessel under construction but afloat in the navigable waters of the Neches River. Drake employed counsel who first sought recovery under the Texas Compensation Act. In that case, Texas Employers' Insurance Association[3] filed its plea to the jurisdiction contending that the cause came under the Longshoremen's Act and not under the Texas Act. Drake's attorney insisted that the cause fell under the Texas Act. Two formal hearings on the plea were held, the first on September 18, 1961, and the second on February 19, 1962, in each of which the Texas District Court held that Drake was covered by the Texas Act. The case proceeded to final judgment on the verdict of a jury which awarded Drake much less than he had claimed. The Insurance Association, after Drake and his attorney had refused a tender, paid into the registry of the Texas District Court the total sum of $1,229.37 in satisfaction of the judgment. No appeal was taken from the judgment and the time for appeal has expired.

The jury returned its verdict in the State case on February 22, 1962, and on March 12, 1962, Drake filed his claim under the Longshoremen's Act. Bethlehem and its insurance carrier filed a "Plea in Bar" which asserted that Drake "has made a full, complete and binding election to prosecute his claim under the State Workmen's Compensation Law, that the final judgment entered in the State court is res judicata, and that S. L. Drake is judicially and collaterally estopped from pursuing his claim here." The deputy commissioner, after hearing, denied the plea in bar, and thereafter awarded supplemental compensation benefits to Drake under the Longshoremen's Act. On appeal, the federal district court held that Drake came within the maritime twilight zone of overlapping state and federal coverage,[4] and that much is now conceded by all parties to be correct. The district court concluded that, "Since the claimant Drake here litigated to final judgment in a forum of his choice," which determined it had jurisdiction, "such determination is res judicata, and Drake made a binding election of remedies." He is therefore estopped from collaterally attacking such final judgment by filing a claim with Deputy Commissioner Calbeck." We hold that the district court reached the right re-

---

1. 33 U.S.C.A. § 901 et seq.

2. Vernon's Tex.Civ.Stat.Ann., Art. 8306 et seq. (1925).

3. Bethlehem's compensation insurance carrier under both the Texas Act and the Longshoremen's Act.

4. Davis v. Department of Labor, etc., 1942, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246.

sult, though we differ somewhat from its reasoning.

■ The district court placed major reliance on the concept of election of remedies. Whatever application that doctrine might have to a case arising after Calbeck v. Travelers Insurance Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368, decided June 4, 1962, it has none to this case for the simple reason that in September 1961 and February 1962, when Drake's attorney was insisting that his case fell under the Texas Act, there was no choice. Indeed, the appellees themselves concede, perhaps unwittingly, that

"Until that opinion [referring to Calbeck, 370 U.S. 114, 82 S.Ct. 119, 8 L. Ed.2d 368] S. L. Drake as a maritime worker employed on new construction absolutely had no right to maintain a claim under the Longshoremen's and Harbor Workers' Act.[3] His remedy lay solely and exclusively under the state Workmen's Compensation Law as indicated by a long line of decisions.

"[3]. Grant Smith-Porter Ship Co. v. Rohde, 257 U.S. 469, 42 S.Ct. 157 [66 L.Ed. 321]."

Appellee's Brief, p. 6. This Circuit had held on July 13, 1961, that a claimant injured while working on an uncompleted vessel was covered by the state workmen's compensation act rather than the Longshoremen's Act. Travelers Insurance Co. v. Calbeck, 293 F.2d 52. Until the Supreme Court reversed that holding, a claimant had no choice of remedies. For conduct at a time when he had no real choice, Drake cannot be bound by the doctrine of election of remedies.[5]

■ Nor is the doctrine of true res judicata applicable for the reason stated in Peckham v. Family Loan Co., 5th Cir. 1952, 196 F.2d 838, 841:

"This rule, extending conclusiveness to issues which could properly have been determined in the prior action, is necessarily limited to cases involving the same cause of action. That is true res judicata. But where the cause of action set up in the latter suit is a different one, the judgment in the first suit is an estoppel only as to particular rights or questions actually litigated and determined in the former suit, or were necessarily involved in the conclusions there reached. This is estoppel by judgment."

■ Appellant insists that the doctrine of estoppel by judgment or collateral estoppel has no application because, "In the Texas suit, since the court had only to decide whether or not Drake's injury was compensable under Texas law, it did not decide whether it was, or was not, also compensable under the Longshoremen's Act—as Davis and Calbeck hold. Thus, its decision never reached that question and there is no estoppel." Appellant's Brief, p. 35.

In so reasoning, appellant overlooks the condition to the "Coverage" section of the Longshoremen's Act:

"Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law." (Emphasis supplied.) 33 U.S.C.A. § 903(a).

After the Texas judgment conclusively established that "recovery for the disability through workmen's compensation proceedings may validly be provided by State law," Drake's claim was no longer covered by the Longshoremen's Act.

The Davis opinion in recognizing a "twilight zone," of course, did not, indeed, could not strike from section 903 the condition, "if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law." To the con-

5. Smith v. Lykes Bros., 5th Cir. 1939, 105 F.2d 604; 28 C.J.S. Election of Remedies § 12, p. 1080.

trary, it clearly indicated that the problem to be met arose from the lack of "any guiding, definite rule to determine the extent of state power *in advance of litigation*" (Emphasis supplied.) (317 U.S. 253, 63 S.Ct. 227), and that the "twilight zone" was one " \* \* \* in which the employees must have their rights determined case by case \* \* \*." (317 U.S. 256, 63 S.Ct. 229.) Similarly, speaking of the clause which makes the Longshoremen's Act exclusive, 33 U.S.C.A. § 905, the Court said:

"That section gains meaning only after a litigant has been found to occupy one side or the other of the doubtful jurisdictional line, and is no assistance in discovering on which side he can properly be placed." 317 U.S. at 256, 63 S.Ct. at 229.

Again in Hahn v. Ross Island Sand & Gravel Co., 1959, 358 U.S. 272, 273, 79 S.Ct. 266, 3 L.Ed.2d 292, the Court made clear that the "twilight zone" doctrine was to apply only "in advance of trial".

"By its terms, the Longshoremen's and Harbor Workers' Compensation Act does not apply 'if recovery for the disability or death through workmen's compensation proceedings *may* \* \* \* *validly be provided by State law.'* § 3, 44 Stat. 1426, 33 U.S.C. § 903(a) [33 U.S.C.A. § 903(a)] (emphasis supplied). In Davis v. Department of Labor, 317 U.S. 249 [63 S.Ct. 225, 87 L.Ed. 246], we recognized that in some cases it was impossible to predict *in advance of trial* whether a worker's injury occurred in an operation which, although maritime in nature, was so 'local' as to allow state compensation laws validly to apply under the limitations of Southern Pacific Co. v. Jensen, 244 U.S. 205 [37 S.Ct. 524, 61 L.Ed. 1086]." (Emphasis supplied.) 358 U.S. 272, 273, 79 S.Ct. 266, 267.

That construction is consistent with everything said in the opinion in *Calbeck,* 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368,[6] and goes far to meet the criticism of the two Justices who dissented from that opinion.[7]

We conclude that, after the trial in the State court expressly determining that court's jurisdiction and awarding compensation under State law, Drake's claim

6. For example: "The statute's framers adopted this scheme in the Act because they meant to assure the existence of a compensation remedy for every such injury, without leaving employees at the mercy of the uncertainty, expense, and delay of fighting out in litigation whether their particular cases fell within or without state acts under the 'local concern' doctrine." (370 U.S. 121–122, 82 S.Ct. 1200.)

"In sum, it appears that the Longshoremen's Act was designed to ensure that a compensation remedy existed for all injuries sustained by employees on navigable waters, and to avoid uncertainty as to the source, state or federal, of that remedy. Section 3(a) should, then, be construed to achieve these purposes." (370 U.S. 124, 82 S.Ct. 1202.)

"We conclude that Congress used the phrase 'if recovery \* \* \* may not validly be provided by State law' in a sense consistent with the delineation of coverage as reaching injuries occurring on navigable waters. By that language Congress reiterated that the Act reached all those cases of injury to employees on navigable waters as to which Jensen, Knickerbocker [Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 40 S.Ct. 438, 64 L.Ed. 834] and Dawson [State of Washington v. W. C. Dawson & Co., 264 U.S. 219, 44 S.Ct. 302, 68 L.Ed. 646] had rendered questionable the availability of a state compensation remedy. Congress brought under the coverage of the Act all such injuries whether or not a particular one was also within the constitutional reach of a state workmen's compensation law." (370 U.S. 126–127, 82 S.Ct. 1203.)

7. "In the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 [33 U.S.C.A. §§ 901–950] Congress carefully provided for the recovery of benefits only 'if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law.' 33 U.S.C. § 903(a) [33 U.S.C.A. § 903(a)]. Now, thirty-five years later, the Court concludes that Congress did not really mean what it said. I cannot join in this exercise in judicial legerdemain." 370 U.S. 132, 82 S.Ct. 1206.

20

was no longer in the "twilight zone" but was clearly removed from the coverage of the Longshoremen's Act. The judgment is therefore

Affirmed.