United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2007**

Charles R. Fulbruge III
Clerk

REVISED FEBRUARY 2, 2007

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-41872

MARIA GENOVEVA ANAYA, MARIO ANAYA,
EDUARDO ANAYA, JESSICA ANAYA, AYDHEE ANAYA,

Plaintiffs-Appellants,

versus

TRAYLOR BROTHERS, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, STEWART, and CLEMENT, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Humberto Anaya, an employee of Traylor Bros., Inc. ("Traylor"), suffered fatal injuries on a barge while constructing a bridge. Soon thereafter, Traylor's insurer began paying compensation benefits to his beneficiaries (the "Anayas"). Approximately two months later, the Anayas filed suit against Traylor for exemplary damages. The district court granted Traylor's motion for summary judgment. The court concluded that Traylor's insurer paid the compensation benefits under the Longshore and Harbor Workers' Compensation Act (the "LHWCA"), which precludes the recovery of exemplary damages. In this appeal, the Anayas argue that Traylor's insurer was actually paying

benefits pursuant to the Texas Workers' Compensation Act (the "TWCA"). We affirm the district court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Humberto Anaya worked for Traylor as a carpenter on the Texas Department of Transportation Galveston Causeway project. At the time of his fatal accident, Anaya was constructing a bridge that connected Interstate 45 from Galveston Island to the mainland. On October 15, 2004, while Anaya drilled bolt holes, a form collapsed and crushed him underneath a concrete beam. Anaya died the same day. On October 18, 2004, the Anayas submitted an application to the Texas Workers' Compensation Commission (the "Commission") for survivor benefits. The Anayas subsequently received a series of benefit checks from Traylor's insurer. On November 16, 2004, the Anayas' attorney sent a notice of representation to the insurer. In response, Traylor's insurer informed the Anayas that the benefits were paid pursuant to the Longshore and Harbor Workers' Compensation Act, not the Texas Workers' Compensation Act.

On December 27, 2004, the Anayas filed a request to receive TWCA benefits. Two days later, the Anayas filed suit against Traylor for exemplary damages based on Traylor's alleged gross negligence. In February 2005, Traylor's insurer filed a dispute with the Commission to establish whether the Anayas were entitled to benefits under the state or federal compensation scheme. On August 25, 2005, the Commission found in favor of the insurer, ruling that the Anayas did not qualify for TWCA benefits. Traylor then moved for summary judgment in the ongoing litigation because the LHWCA bars gross negligence claims for exemplary damages. The district court granted summary judgment to Traylor, reasoning that the LHWCA applied due to Anaya's work on navigable waters.

## II. STANDARD OF REVIEW

2

This court reviews de novo a district court's grant of summary judgment, applying the same legal standards as the district court. *Machinchick v. P.B. Power, Inc.*, 398 F.3d 345, 349 (5th Cir. 2005). If no genuine issue of material fact exists, then the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view all evidence in the light most favorable to the non-movant. *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003). If the evidence would permit a reasonable trier of fact to find for the non-moving party, then summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

III.  DISCUSSION

A.

Under the TWCA, an injured worker's beneficiaries may file suit for exemplary damages, TEX. LAB. CODE ANN. § 408.001(b), but the LHWCA prohibits the recovery of exemplary damages, 33 U.S.C. §§ 904, 905(a). To receive benefits under the LHWCA, a worker must satisfy both a situs and status test. *Munguia v. Chevron U.S.A., Inc.*, 999 F.2d 808, 810 (5th Cir. 1993). The situs test concerns geographic areas covered by the LWHCA, whereas the status test concerns an employee's type of work activities. *P.C. Pfeiffer Co. v. Ford*, 444 U.S. 69, 78 (1979). The situs test includes injuries "occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel)." *Bienvenu v. Texaco, Inc.*, 164 F.3d 901, 904 (5th Cir. 1999) (citing 33 U.S.C. § 903(a)). The status test defines an employee as "any person engaged in maritime employment, including any longshoreman or other

person engaged in longshoring operations, and any harborworker including a ship repairman, shipbuilder, and ship-breaker." *Id.* (quoting 33 U.S.C. § 902(3)). In addition,

> a worker injured in the course of his employment on navigable waters is engaged in maritime employment and meets the status test only if his presence on the water at the time of injury was neither transient or fortuitous. The presence, however, of a worker injured on the water and who performs a "not insubstantial" amount of his work on navigable waters is neither transient nor fortuitous.

*Bienvenu*, 164 F.3d at 908 (footnote omitted).

At the time of his accident, Anaya was undoubtedly located on navigable waters, which satisfies the situs test. In this appeal, the status test determines whether the LHWCA applies to the Anayas request for benefits. Neither this Circuit nor the Supreme Court provide a definitive explanation of what constitutes a transient and fortuitous presence on navigable water. *Id.*; *see also Director v. Perini N. River Assocs.*, 459 U.S. 297, 324 n.34 (1983). In *Bienvenu*, the Fifth Circuit sitting en banc contrasted the holdings of *Fontenot v. AWI, Inc.*, 923 F.2d 1127 (5th Cir. 1991), and *Randall v. Chevron U.S.A., Inc.*, 13 F.3d 888 (5th Cir. 1994), *as modified by* 22 F.3d 568. The en banc court affirmed *Fontenot*, which held that "a worker who spent 40% of his worktime on shore, 30% on fixed platforms and 30% on oil exploration and production vessels was engaged in maritime employment because he was injured while on actual navigable waters, in the course of his employment." *Bienvenu*, 164 F.3d at 908-09 (citing *Fontenot*, 923 F.2d at 1130). Yet, the court overruled *Randall*, which held that the LHWCA covered a mechanic performing all of his work duties on navigable waters because "[h]e was simply transported to and from his workstation-a stationary platform-by boat." *Id.*

Unlike the worker in *Randall*, and more similar to the analysis in *Fontenot*, Anaya spent the majority of his time working on navigable waters. Anaya performed his construction duties on a

4

barge located on navigable waters, and a boat carried Anaya between the shore and his work site. The district court found that Anaya regularly worked on the barge and his October 15 work assignment was not an aberration from his normal work tasks. Therefore, the LHWCA covers the Anayas' claim for benefits.

B.

Section 406.091(a)(2) of the TWCA prohibits benefits to workers covered by analogous federal laws. The TWCA reads in pertinent part that "a person covered by a method of compensation established under federal law" is not subject to the statute. TEX. LAB. CODE ANN. § 406.091(a)(2). The Anayas argue that a twilight zone of concurrent jurisdiction, established by the Supreme Court's holdings in *Davis v. Dep't of Labor*, 317 U.S. 249 (1942), and *Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715 (1980), permits workers to elect benefits under either the TWCA or LHWCA. And pursuant to this allowance, they elected to receive benefits under the TWCA, thus preserving their right to file suit for exemplary damages. The Commission held that Anaya "is not entitled to all rights and remedies under" the TWCA and is limited to recovery under the LHWCA. We agree with the Commission's analysis and interpretation of the federal and state compensation schemes as applied in this instance, and therefore, reject the Anayas' argument that Anaya was in a twilight zone. *See Hahn v. Ross Island Sand & Gravel Co.*, 358 U.S. 272, 273 (1959) (per curiam) ("[T]he employee could not [elect a remedy] if the case were not within the 'twilight zone,' for then the Longshoreman's Act would provide the exclusive remedy."). An employee subject to Anaya's work conditions on navigable waters may only recover under the LHWCA. Accordingly, an election of benefits was not available for the Anayas.

## IV. CONCLUSION

Based on *Bienvenu* and the explicit language of the TWCA, we affirm the district court's grant of summary judgment to Traylor.