Barbara S. RANDALL, On Her Own Behalf and as Personal Representative of the Estate of the Decedent, Theodore F. Randall, Jr., and on the Behalf of the Children, Rod Anthony Randall and Holly Leann Randall, Plaintiff–Appellee–Cross Appellee,

v.

CHEVRON, U.S.A., INC., Defendant–Appellee–Cross Appellant,

v.

SEA SAVAGE, INC., et al., Defendants–Appellants–Cross Appellees,

v.

AMERICAN HOME ASSURANCE COMPANY, Defendant–Appellant.

No. 91–9567.

United States Court of Appeals, Fifth Circuit.

May 26, 1994.

J. Fredrick Kessenich, John F. Emmett, Emmett, Cobb, Waits & Kessenich, New Orleans, LA, for American Home Assur. Co. and Sea Savage, et al.

Randy J. Ungar, Jennifer F. Nicaud, New Orleans, LA, for Barbara S. Randall.

Neal D. Hobson, John R. Santa Cruz, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, LA, for Chevron, U.S.A., Inc.

ON PETITION FOR REHEARING AND SUGGESTIONS FOR REHEARING EN BANC

Before KING and JOLLY, Circuit Judges and PARKER,* District Judge.

PER CURIAM:

The Petition for Rehearing is DENIED and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are

* Chief Judge of the Eastern District of Texas, sit-

in regular active service not having voted in favor of it (Federal Rules of Appellate Procedure and Local Rule 35), the Suggestions for Rehearing En Banc are also DENIED.

We withdraw footnote 6 of our opinion in this case. Additionally, we revise our mandate, part IV of the opinion, to read as follows:

For the foregoing reasons, we REVERSE the district court's award for pain and suffering and REMAND for the granting of a remittitur to $500,000 or a new trial on damages at Sea Savage's option. We REVERSE the district court's holding that Chevron is entitled to indemnification from Sea Savage under the time charter for those damages attributable to Chevron's own negligence. We also REVERSE the district court's denial of attorneys' fees to Chevron for its defense of the claim for punitive damages and REMAND for determination of those fees. In all other respects the judgment of the district court, including the order that Sea Savage reimburse Chevron for 75% of the workers' compensation payments made on behalf of Theodore F. Randall, is AFFIRMED. Costs shall be borne by Chevron and Sea Savage.